**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

EDWARD JOSEPH McNATT, Petitioner,

vs.

GEORGE PATRICK, Superintendent, et al, Respondents.

No. 05-128 Erie
Judge McLaughlin
Magistrate Judge Baxter

REBUTTAL TO RESPONDENTS ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

AND NOW, comes the Petitioner, Edward Joseph McNatt, and submits the following rebuttal to respondent's answer to the Petition for Writ of Habeas Corpus filed in the above captioned case:

## I. STATEMENT OF FACTS

1. Petitioner agrees.
2. Petitioner agrees.
3. Petitioner agrees.
4. THE BOARD'S DECISION TO REFUSE PAROLE ISSUED ON OCTOBER 19, 2004, IDENTIFIED THE FOLLOWING REASONS IN SUPPORT THEREOF:

   THE RECOMMENDATION MADE BY THE DEPARTMENT OF CORRECTIONS.

   YOUR LACK OF REMORSE FOR THE OFFENSE(S) COMMITTED.

   (Respondent's Exhibit 3, at p. 5)

   Petitioner submits that "LACK OF REMORSE" **WAS NOT** a reason for refusal of parole as the respondent's are trying to make this Court believe. Petitioner offers the respondent's own exhibit (3, at p. 5) as evidence.
5. Petitioner agrees.
6. MCNATT HAS NOT CHALLENGED ANY OF THESE SERIAL PAROLE DENIALS THROUGH ADMINISTRATIVE PROCEEDINGS BEFORE THE BOARD OR IN LITIGATION IN PENNSYLVANIA'S STATE COURTS. SEE PETITION, at ¶ 11. THE INSTANT PETITION REPRESENTS THE FIRST TIME MCNATT HAS CHALLENGED THE BOARD'S PAROLE DECISIONS IN ANY FORUM.

   Petitioner has filed appeals with the Board on all parole denials except from the denial dated 05/17/2001. See respondent's Exhibit 3. Petitioner was told by the Board that, the Board was under no obligation to hear any appeal for the period of one (1) year and his appeal would be made a part of his permanent file. Also, on June 30, 2004 (See, Exhibit 1),

petitioner filed a Petition for Writ of Habeas Corpus to the United States District Court for the Eastern District. A copy of petition was sent to the Attorney General's Office by prison mail. The Eastern District forwarded petitioner's appeal to the Western District. Petitioner was then sent a letter by the Honorable Judge, Susan Paradise Baxter, for petitioner to remit payment or request to proceed in forma pauperis. Shortly after petitioner received this opened correspondence, he was told by the D.O.C. that, if he continued to pursue this matter, he would not be paroled. Petitioner did not pursue the petition. Petitioner has also written many letters to the Governor and several Senator's which (See, Exhibit 1), the Board has placed in his permanent file.

7. MCNATT RAISES SEVERAL ISSUES IN HIS PRESENT PETITION, INCLUDING (1) A CLAIM THAT HIS FIFTH AMENDMENT PRIVILEGE AGAINST SELF INCRIMINATION IS BEING VIOLATED BY THE REQUIREMENT THAT HE COMPLETE A THERAPEUTIC COMMUNITY PROGRAM WHICH REQUIRES AN ADMISSION OF GUILT OF A PENDING OFFENSE IN NEW JERSEY; (2) AN EQUAL PROTECTION CLAIM BASED ON HIS ASSERTION THAT THE DEPARTMENT OF CORRECTIONS AND THE BOARD DOES NOT REQUIRE ALL INMATES TO COMPLETE THEIR PRESCRIPTIVE PROGRAM PLANS; AND (3) A CLAIM CHALLENGING THE BOARD'S EXERCISE OF ITS DISCRETION TO REFUSE PAROLE IN SEVERAL RESPECTS.[2]

Petitioner submits that, on ground (1) petitioner, being forced by the threat of no parole, to admit to a pending case in New Jersey which is clearly, by the United States and Pennsylvania Constitutions, a violation of his 5th Amendment privilege against self incrimination. Petitioner is not an alcoholic and has never used an illegal drug in his

---

[2]MCNATT'S PETITION ALSO APPEARS TO ASSERT A CLAIM OF RETALIATION AND A VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")(42 U.S.C. §§ 12101 ET SEQ.) SEE PETITION, AT H AND K. HOWEVER, THESE CLAIMS ARE NOT COGNIZABLE OR REMEDIABLE IN FEDERAL HABEAS AND WILL NOT BE OTHERWISE ADDRESSED HEREIN. SEE, E.G., BANKS V. PENNSYLVANIA BOARD OF PROBATION AND PAROLE, 2004 WL 906296, *5 (E.D.PA. 2004)("NOTHING IN THE BOARD'S DECISION OR ANY EVIDENCE PRESENTED BY PETITIONER INTIMATES THAT THE BOARD RETALIATED AGAINST PETITIONER ... WHEN IT DENIED PETITIONER'S APPLICATION FOR PAROLE"); ELROD V. JAMROG, 2005 WL 1349118 (E.D.MICH. 2005)(REJECTING CLAIM OF RETALIATION IN CONTEXT OF PAROLE DENIAL WHERE ELEMENT OF CAUSATION WAS NOT SHOWN AND DENIAL WAS BASED ON SEVERAL CLEARLY PERMISSIBLE FACTORS) AND BELL V. COCKRELL, 310 F.3d 330, 334 (5TH CIR. 2002)("THE ADA NEITHER ADDRESSES THE IMPOSITION OF CRIMINAL PENALTIES, NOR DOES IT SUGGEST THAT MENTALLY DISABLED AMERICANS SHOULD BE TREATED DIFFERENTLY FROM OTHER AMERICANS WHO COMMIT CRIMES"); THOMPSON V. DAVIS, 295 F.3d 890, 898 N. 4 (9TH CIR. 2002)("A PERSON'S DISABILITY THAT LEADS ONE TO A PROPENSITY TO COMMIT CRIME MAY CERTAINLY BE RELEVANT IN ASSESSING WHETHER THAT INDIVIDUAL IS QUALIFIED FOR PAROLE").

life, nor does he have a history of such and will not admit (requirement for successful completion of the therapeutic community program) to something he is not. Petitioner being told to "say whatever it takes to complete the program", is against petitioner's religious beliefs and thus, also a First Amendment violation. Petitioner's religious beliefs do not permit him to admit to something he is not. The fact that petitioner does not have a history of drug/alcohol abuse, supports this fact. On ground two (2) petitioner submits that the following people had the therapeutic community program or OTT on their prescriptive program sheet and were still paroled even though no such program was ever completed, let alone started, and they are: David Simmons-committed a violent sex crime under the influence, Sean Creager-self admitted drug addict who committed the acts of forgery to support his habit and violated his parole for using drugs, Wayne Wright-Killed four (4) people while committing arson while under the influence, Justin Meyner-committed crimes while under the influence, Doug Marshall-shot at police officers while under the influence, etc., ect. All the people listed have a lengthy history of crimes committed while under the influence and were still paroled without completing or starting their drug/alcohol programs as required by their prescriptive program sheets. The inmates on the Community Work program have the therapeutic community program removed from their prescriptive programs. This is clearly an equal protection claim and is biased and prejudicial and shows favoritism. Petitioner is a non-violent offender without a history of drug/alcohol abuse. He did not have the therapeutic community program on his initial prescriptive program sheet. The therapeutic community program was not placed on his prescriptive program sheet until after petitioner filed a civil suit against the DOC. On ground three (3) the "ADA" is very clear in its meaning when it states that people with disabilities can not be discriminated against. It is not suggested, in any part, that this law is silent when it applies to inmates. See Title II of the "ADA" and Goodman v. Ray, 11th Cir., Fed Appx. 785 (bans discrimination against disabled persons by Governmental entities in operation of public services, programs, and activities). The Board is a State Governmental entity and the use of a "past history" of a mental or physical disability as a reason for a parole denial, denies petitioner his right to be free from discrimination. The 5th Amendment also guarantees that an admission of guilt made outside of court can't be proved against him unless voluntarily made. The fact that respondent's agree that the therapeutic community program is a volunteer program, would be considered a volunteer

confession of his guilt and can be used against him. It is very well documented that petitioner had a lengthy history of a mental illness. This is documented by courts, DOC, hospitals, peers, and the Board. Petitioner has completed all programs dealing with his mental history (since the age of 7). Petitioner was on psychiatric medication since the age of seven (7) and it was because he did not take his medication and did not follow up on his appointments with a psychologist, that led to his history of crime. Nowhere is it documented that petitioner's history of crime was due to drug/alcohol abuse. Petitioner has dealt with all of the issues which led to his history of crime and he has been free of all medication for over three (3) years. Petitioner is not seeing a psychologist and the Board using his past history which will never change, is prejudicial towards petitioner. Petitioner submits that personal liberty is guaranteed by implication in the constitutional recognition to preserve the writ of habeas corpus. Habeas corpus is a determination by a judicial power of any question of interference with personal liberty, such as when an executive authority acts in violation of civil rights. The constitutional recognition of the court's power to inquire into the question of unlawful restraint is also a constitutional recognition of individual liberty as a civil right. Therefore, the Board's use of petitioner's claim of retaliation and a violation of the Americans with Disabilities Act, which is, as noted by the Board, a reason for denying petitioner his freedom from restraint, is clearly cognizable and remedial in federal habeas. Personal liberty implies that each person shall have as much individual freedom from restraint as is consistent with other members.

**DISCUSSION**

Respondent's argue Banks v. PA. Board of Probation and Parole, 2004 WL 906296 *5 (E.D.Pa. 2004)("nothing in the Board's decision or any evidence presented by petitioner intimates that the Board retaliated against petitioner ... when it denied petitioner's application for parole"); Elrod v. Jamrog, 2005 WL 1349118 (E.D.Mich. 2005)(rejecting claim of retaliation in context of parole denial where elements of causation was not shown and denial was based on several clearly permissible factors).

There is clearly, in the Board's decision, respondent's own exhibits, and the evidence the Board is withholding from this Honorable Court, that the Board is retaliating against petitioner. These factors include, but are not limited too:

A. The respondent's stating that, "LACK OF REMORSE" was a reason for parole denial on October 19, 2004, when the evidence and respondent's own exhibit (3, at p.5), state no such reason for denial of parole.

B. The respondent's withholding from this Court, petitioner's written statement of his crimes, which clearly show remorse, and in which is mandated by the Board for every inmate to complete prior to seeing the Board, and which is a part of petitioner's permanent file, shows retaliation against the petitioner for exercising his right to the courts. Should these written statements of petitioner be ordered by this Honorable Court, this court would see by petitioner's own hand-writing, the remorse for his crimes as well as showing the vindictiveness and lack of respect by the Board for this Court by refusing to offer these mandatory versions to this court. These mandatory crime versions that each inmate has to complete as a requirement by the Board, clearly show if an inmate is remorseful for his crime(s).

C. The Board denying parole one year and telling petitioner to complete a substance abuse program and after petitioner completes said program, the Board again denies parole, telling petitioner that he now needs to complete the therapeutic community program is indeed retaliatory. The therapeutic community program has the substance abuse programs which petitioner was required to complete the prior year and telling petitioner to now complete the therapeutic community program is telling petitioner to redo what he has already completed and passed. The therapeutic community program was not a requirement for parole on his initial prescriptive program sheets and the Board and the DOC had no reason to add these things at a later date. Petitioner has never had a dirty urine test, has never been investigated by the DOC or public officials for any drug/alcohol related crimes and has been off of his own medication for over three (3) years. There is absolutely no reason or any evidence to show that petitioner is in further need of any program(s).

D. The Board using a "past history" which can never change, is discrimination and serves no rehabilitative process. The Board using a non-violent "past history" was deliberately designed to give petitioner a non-parole status.

E. The Board using "the recommendation made by the Dept. of Corr.", and "unacceptable compliance with prescribed institutional programs" is duplicitous because both are because of the therapeutic community

program and that is the only reason petitioner is not being given a favorable recommendation for parole. Since petitioner is not an alcoholic or drug addict and will not admit to something he is not, he will never gain the recommendation of the DOC. Petitioner has tried to have a valid assessment done to determine his need for treatment and has been refused numerous times. See, Exhibit(s) 2).

Respondent's argue Bell v Cockrell, 310 F.3d 330, 334 (5th Cir. 2002)("the ADA neither addresses the imposition of criminal penalties, nor does it suggest that mentally disabled Americans should be treated differently from other Americans who commit crimes"); Thompson v. Davis, 295 F.3d 890, 898 n.4 (9th Cir. 2002)("A person's disability that leads one to a propensity to commit crime may certainly be relevant whether that individual is qualified for parole"). Petitioner, being released from the "Special Needs Unit" at SCI Houtzdale, after successfully completing all his mental health treatments and changing his behavior and being free from all medication for over three (3) years, shows that the DOC believed that petitioner was fit for general population and petitioner was even placed on the honor block because of his exceptional behavior. Petitioner, by the DOC's own response, has stated their amazement at the changes petitioner has made. The DOC has worked with petitioner for many years and if petitioner was still suffering from a mental illness, he would of never of been placed in general population let alone, the honor block. These facts show that the Board is refusing to acknowledge the DOC's belief that petitioner has indeed obtained the help he needed, and is only using a "past history" which will never change, as an excuse for a parole denial, is clearly evident. Petitioner, after receiving much needed mental health treatment, has been doing remarkably well and has had no misconducts, no warnings for any behavioral issues, and has an excellent work history, since leaving the Mental Housing Unit. Petitioner has been released from the Mental Housing Unit several years ago.

Respondent's argue that petitioner's habeas is timely only with respect to the Board's decision issued on October 19, 2004, and March 29, 2005.

Petitioner disagrees. Petitioner argues that, all his parole denials are evidence and shows a repetitive pattern by the Board to deliberately deny petitioner parole. The respondent's are using his "past history" of mental illness against him, which will never change and in which petitioner has dealt with and completed over three (3) years ago as a reason for denial of parole,

which should allow petitioner the opportunity to show the Board's vindictiveness from the past. Since petitioner is arguing a repetitive pattern of retaliation, petitioner should be allowed to argue all parole denials because they are based on petitioner's alleged "past history".

Respondent's argue in McKune v. Lile, 536 U.S. 24 (2002), that "[a] prison clinical rehabilitation program, which is acknowledged to bear a rational relation to a legitimate penological objective, does not violate the privilege against self incrimination if the adverse consequences an inmate faces for not participating are related to the program objectives and do not constitute atypical and significant hardships in relation to the ordinary incidents of life." The Third Circuit has followed the teachings of McKune in a parole case and held that no violation of the Fifth Amendment occurs where an inmate is denied parole after refusing to participate in a sex offender treatment program which requires admissions to criminal activity.

Petitioner submits that McKune was incarcerated for sex offenses. Petitioner's crime(s) of forgery and theft by deception (past and present), had nothing to do with drugs/alcohol. Petitioner's DUI, which is now a Contempt of Court, was a suicide attempt. Petitioner admittedly drank beer in order to build up courage to attempt suicide. Petitioner was placed in a mental hospital for this action and was treated for it. Petitioner was not, and is not an alcoholic. Petitioner, wanting to commit suicide and not having the courage to do so, drank numerous beers, which built up his courage, and then ran head on into a tree with his car. This does not, in any way, make petitioner an alcoholic or drug addict, it makes him a person with a mental illness. Petitioner will never admit to something he is not and will not, as suggested by Mr. Wilson, a Board Examiner, and the DOC, to just say whatever it takes, in order to complete the program. Rehabilitation does not include lying and being forced to tell a story in order to be paroled. Petitioner believes in the ten (10) commandments and one (1) of those commandments are "Thou shalt not lie". Petitioner does not have a history of drug and alcohol abuse and forcing him to admit to something he is not, goes against all the changes petitioner has made and against the DOC Policy against lying to an employee. Petitioner has tried on many occasions to have a valid assessment completed by the DOC but, all attempts were denied, including his grievance. See, Exhibits 2. There is a significant hardship being placed on petitioner by being told to tell a story in order to be paroled and this request is against the ordinary incidents of life. Petitioner has always admitted to his short

comings, including his life of crime but will not, admit to what he is not. Respondent's agree that the therapeutic community program is a volunteer program but, according to DOC Administrative Policies, it is not a requirement for parole. In Pennsylvania "the sentencing judge establishes parole eligibility at the time of sentencing when the judge establishes a minimum and maximum sentence pursuant to the Sentencing Code." The Board has determined that petitioner will not be paroled until he completes the therapeutic community program (hereinafter "TC"). However, since the program is against petitioner's religious beliefs, petitioner will never complete the program. In effect, by refusing to make up a story, the Board has re-sentenced petitioner to a term of confinement without parole, a usurpation of the judicial function and a violation of the separation of powers doctrine. Under Pennsylvania case law, a prisoner has no constitutionally protected liberty interest in parole. However, the Board has made the completion of the Dept. of Corr. TC Program a "requirement of parole." The contract agreement of petitioner's sentencing court did not establish such a requirement for eligibility.

Respondent's argue, in part, that petitioner has failed to produce evidence in any way, to show that he has been treated differently.

Petitioner, as noted previously, has identified people that has been shown favoritism but, has no authority to obtain those people's prescriptive program sheets. Also, the Board is withholding the evidence showing that petitioner has shown remorse for his crimes on his mandatory, written version of his crimes, which the respondent's are refusing to produce to this court. The Board paroling violent inmates who refused or failed to complete the TC program, although it was a requirement for parole, is not a sufficient showing of a rational relation to a legitimate State interest. Petitioner can not single himself out about adverse treatment because petitioner is only one (1), of many, who are having to suffer this same treatment by the Board.

Respondent's also argue Burkett v. Love, 89 F.3d 135, 139 (3rd Cir. 1996).

Petitioner submits that the Third Circuit Also, in Burkett Id @ 140-141 ruled that, if a prisoner seeks original/initial parole release and is refused parole by the Board because of his/her race, religion, under arbitrary or capricious rationale (e.g., "past criminal history, failure to gain DOC's or Judge's recommendation" or any reason that will never change) or because he fails litigation against state officials, the state courts must adjudicate these types of claims but, in Weaver v. PA. Board of Probation and Parole, 688 A.2d 766 (Pa.Commw.Ct. 1997) held that the State is not bound by federal court decisions and a prisoner seeking original parole release cannot challenge a

refusal of parole by the Board, via an appeal to the State Court.

Respondent's claim that petitioner's petition lacks any merit, is only because the respondent's are hiding evidence from this Court. Petitioner's claims are the only claims with merit and proof and the Board has offered no evidence to the contrary. The petitioner had requested, on his petition, that the Board submit to this Court, petitioner's written versions of his crimes and any/all proof that the petitioner is a danger to this Commonwealth if paroled. The respondent's are refusing to do this because they know that petitioner has indeed shown remorse, even in his written version, which would show this Court that the Board is, in fact, retaliating against petitioner, and has no proof that petitioner has any further need for treatment. On June 3, 2005, respondent's were given an order by the Honorable, Susan Paradise Baxter to respond to all the allegations raised by the petitioner. The respondent's refused to answer the following allegations:

1. That the Board is paroling violent inmates who committed crimes while under the influence and have a history of drug/alcohol abuse;
2. That favoritism is being shown to inmates when programs are removed from their prescriptive program sheets;
3. That petitioner will not be paroled unless he completes the TC program;
4. That petitioner participated in the TC program as required by the mandatory language of the Board; and
5. That the Board is relying on "past" information which will never change, when they denied petitioner parole.

Respondent's argue Wolfe v. Pennsylvania Department of Corrections, 334 F.Supp.2d 762, 773 (E.D.Pa. 2004)(denying Fifth Amendment claim because treatment program was voluntary and consequences of participation, although unpleasant, did not rise to level of constitutional infirmity).

Petitioner argues that the DOC and the Board is denying him his Fifth Amendment claim since they took a volunteer program and made it mandatory, without the power to enact new legislation, which is clearly re-sentencing petitioner to a period of confinement without the possibility of parole, because petitioner will not make up some story and admit to something he is not. See, Exhibit 3. The first stage to completing the TC program is to admit, you are powerless over drugs or alcohol. How can anyone, who is not an alcoholic or drug addict, ever admit to such a thing? When petitioner told the TC counselor, after being forced by the threat of the Restrictive Housing

Unit, that he never used an illegal drug and only drank one (1) or two (2) beers at home, after work, the counselor asked petitioner why was he over on the TC Unit then. Petitioner told the counselor that, it was either move to the TC Unit, or be placed in the Restrictive Housing Unit. The counselor then told petitioner that, if he did not admit to something and pick a drug or alcohol book, he would be removed from the program, given an unsuccessful completion, and be denied parole. Petitioner, knowing that he is not an alcoholic or drug addict, would not be able to complete the program and thus, he is re-sentenced to a period of confinement without the possibility of parole.

Petitioner has alleged that he has been singled out by the DOC and the Board for filing a civil suit against the DOC, writing to the Governor and State Senator's about the Board, and for utilizing the grievance process implemented at the DOC.

Due Process is based on the rights of life, liberty, and property. Unlawful restraint, which is also a constitutional recognition of individual liberty is cognizable and remediable in federal habeas, as well as personal liberty. Due Process of law means the exertion of government powers as the settled maxims of law permit and sanction, and other safeguards to protect individual rights.

Respondent's state that, they have evidence that petitioner has shown no remorse for his crimes but yet, refused to produce this fictitious evidence. Petitioner's written version of his crimes, located in the Board's permanent file, which the Board also refuses to submit to this court, shows his remorse.

Petitioner has alleged the Board's actions to be arbitrary and capricious. Using a past history that will never change, arguing a parole denial for litigation against officials, etc., are arbitrary or capricious reasons under substantive due process.

Respondent's answer to petitioner's writ of habeas corpus does not, in any form, deny petitioner's allegations. The respondent's answer, only argues case law on reasons to attempt to have petitioner's habeas corpus dismissed. The respondent's produced no evidence denying petitioner's claims, and argue that petitioner has not alleged any violations. Clearly visible in petitioner's federal habeas, are allegations of violations. Petitioner has shown through respondent's own exhibits, that the Board and the DOC has falsified statements in order to mislead this court into believing that petitioner's case has no merit. Petitioner's exhibits lends further credibility to some of his allegations and the evidence being withheld by the Board, if this Honorable Court orders to be produced, will support his other claims.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the petitioner requests this Honorable Court to Grant petitioner his Petition for Writ of Habeas Corpus and:

1. Order respondent's to submit to this Court, petitioner's written versions of his crimes which are in his file;
2. Order the respondent's to submit to this Court, any/all proof that petitioner would be a threat to the Commonwealth if paroled;
3. Order respondent's to submit to this Court, any/all proof that petitioner has need for further institutional programs; and
4. Grant petitioner a trial by jury on all triable issues.

Signed this 15th day of July, 2005.

Respectfully Submitted,

Edward Joseph McNatt

Edward Joseph McNatt
Petitioner, pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD JOSEPH MC NATT : CIVIL ACTION
v. :
PA. BOARD OF PROBATION AND PAROLE, :
et al. : NO. 04-2722

FILED JUN 30 2004

ORDER

AND NOW, this 25th day of June 2004, it appearing that petitioner has filed a petition in this court for Habeas Corpus relief pursuant to 28 U.S.C. §2254, and

it further appearing that petitioner was convicted in the Court of Common Pleas of Venango County, Pennsylvania, and is currently incarcerated in a state facility located in Clearfield County, Pennsylvania, and

it further appearing that whereas Venango County and Clearfield County both lie within the territorial confines of the United States District Court for the Western District of Pennsylvania, that that court alone has venue over this matter pursuant to 28 U.S.C. §2241(d), it is hereby

**ORDERED** that this case is transferred to the United States District Court for the Western District of Pennsylvania, it is further

**ORDERED** that the Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter as **CLOSED** in this court.

ANITA B. BRODY, J.

Copies faxed on ___ to: Copies mailed on ___ to:

ENTERED
JUL - 1 2004
CLERK OF COURT

EXHITIT 1



**COMMONWEALTH OF PENNSYLVANIA**
**BOARD OF PROBATION AND PAROLE**

*Office of Legislative Affairs and Communications*
*1101 South Front Street, Suite 5100*
*Harrisburg, PA 17104-2517*
*(717) 787-6208*

January 5, 2004

Mr. Edward J. McNatt
DL-6772
SCI – Houtzdale
P.O. Box 1000
Houtzdale, PA 16698

Dear Mr. McNatt:

I am writing in reply to your letter to Governor Edward G. Rendell. The Governor does not have the authority to grant parole or to evaluate or influence decisions made by the Board of Probation and Parole. The Parole Act gives the Board sole discretion over these matters.

When the Board makes a determination as to an offender's suitability for parole, the Parole Act requires the Board to conduct a personal interview with the offender and consider the following factors in making its final decision:

-The nature and circumstances of the crime for which the offender was convicted, as well as his entire criminal history.
-Information regarding the general character and background of the offender.
-Notes of testimony of the sentencing hearing.
-Physical, mental and behavioral condition and history of the offender.
-History of family violence (if any.)
-Recommendation of the sentencing judge and prosecuting attorney.
-Input from the victim and the victim's family (if any.)
-Recommendation from the Warden or Superintendent of the facility where the offender is incarcerated.

Ultimately, the Board renders a decision based on the totality of the information in the case file, along with information obtained from the interview.

As you are aware, according to your most recent Board Action dated October 23, 2003, you were refused parole based on your need to participate in and complete additional institutional programs.

You will be reviewed in or after September 2004, or earlier, if recommended by the Department of Corrections (DOC). At your next interview, the Board will review your file and consider: whether you have successfully completed a treatment program for therapeutic community, whether you have maintained a favorable recommendation for parole from the DOC, and whether you have maintained a clear conduct record and completed the DOC's prescriptive program(s).

EXHIBIT 1(a)

An Equal Employment Opportunity Employer
Accredited by the Commission on Accreditation for Corrections

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001-0598**

| FOR OFFICIAL USE ONLY |
|---|
| 110530 |
| GRIEVANCE NUMBER |

**OFFICAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR<br>[illegible] | FACILITY:<br>[illegible] | DATE:<br>[illegible] |
|---|---|---|
| FROM: (INMATE NAME & NUMBER)<br>[illegible] | SIGNATURE of INMATE:<br>Edward [illegible] | |
| WORK ASSIGNMENT:<br>[illegible] | HOUSING ASSIGNMENT:<br>GA 21 | |

INSTRUCTIONS:
1 Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B the specific actions you have taken to resolve this matter informally. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

I AM [illegible] PAROLE [illegible] BECAUSE OF THIS [illegible] PROGRAM, I WAS TOLD THAT [illegible] THIS IS A BLATANT LIE. I HAVE 2 [illegible] IN MY ENTIRE HISTORY, THE LAST ONE BEING A SUICIDE ATTEMPT. I AM NOT AN ALCOHOLIC OR DRUG ADDICT. MY PROBLEM WHICH THE COURT RECOGNIZED WAS MENTAL ILLNESS. I HAVE DEALT WITH THOSE ISSUES. I HAVE A LIST OF PEOPLE WHOSE HISTORY (CRIMINAL) IS DUE TO DRUG ADDICTION OR ALCOHOLISM AND THEIR [illegible] IS A LOT LOWER THAN MINE. I THOUGHT MAYBE BECAUSE OF MY STEP-FATHER'S PROBLEMS THAT WAS WHY THE [illegible] WANTED ME TO TAKE [illegible]. WHEN I [illegible] I WAS TOLD THAT IF I DID NOT ADMIT TO BEING AN ADDICT OF SOME KIND I WOULD RECEIVE AN UNSUCCESSFUL COMPLETION AND REMOVED FROM THE BLOCK. I [illegible] [illegible]

[illegible]

**B.** List actions taken and staff you have contacted, before submitting this grievance. Attach the copy of the **DC-135A** with the staff member's response of your informal resolution attempt.

[illegible] UNIT MANAGERS AND COUNSELORS ASKING FOR [illegible] MY NEED FOR [illegible] I AM [illegible] TOLD TO WRITE [illegible]

[illegible]

Your grievance has been received and will be processed in accordance with DC-ADM 804.

[signature] — Signature of Facility Grievance Coordinator

[illegible] — Date

**WHITE** - Facility Grievance Coordinator Copy **CANARY** - File Copy **PINK** - Action Return Copy **GOLDENROD** - Inmate Copy

Revised

EXHIBIT 2

GRIEVANCE APPEAL

GRIEVANCE NO. 110530

INMATE: EDWARD J. MCNATT
INST. NO. DL-6772
FACILITY: SCI-HOUTZDALE

TO: SUPT. PATRICK

For the following reasons, I am appealing the denial of my grievance (110530):

1) Ms. Driskell was wrong when she stated that I had the opportunity to PARTICIPATE in the Therapeutic Community program. I DID participate but was told that, if I did not admit to being an alcoholic or drug addict, I would be given an unsuccessful completion and removed from the program. I am NOT an alcoholic and have never used an illegal drug or any drug which was not prescribed to me, in my life;

2) Ms. Driskell stated that a "new evaluation" will only reinforce my need for treatment. this is untrue because, FACTS DOCUMENTED BY THE COURTS AND MENTAL HOSPITALS will show that my history of problems stemmed from a MENTAL ILLNESS, not DRUG OR ALCOHOL ABUSE, and;

3). Ms. Driskell made a false statement when she said that the PBPP has stipulated that I complete the Therapeutic Community. According to the "green-sheet" I received from the PBPP, it stated that I complete a Substance Abuse/Therapeutic Community program, If recommended by the DOC.

In furtherance of my appeal, I state the following:

1) The "Therapeutic Community Program" is a NON-LICENSED, VOLUNTEER program, not mandated by law and was not ordered by my sentencing Judge as part of my plea agreement. I do not wish to volunteer for this program and since it is listed by the DOC as a volunteer program, I should not be given un-favorable recommendation for parole, by the DOC, if the T.C. program is actually "VOLUNTARY". My parole recommendation should be based on my conduct and the many DOCUMENTED changes I have made since being incarcerated.

2). DOC Policy states that the DOC employees must treat inmates alike and not show FAVORITISM. Many inmates (names available upon request), have the Therapeutic Program removed from their "Perscriptive Plan", or have an extensive history of drug/alcohol abuse relating to their history of crime(s) and do not have to do the Therapeutic Community. This is favoritism and discrimination.

3) I am not an alcoholic or drug addict and I will never admit to something I did not do or in which I do not believe.

4) There are several inmates here that have numerous DUI's on their record and whose crime(s) are related to drug/alcohol abuse, and are only given a "Drug Assessment" score of 4 or 5. I have been given an 8 and only have 2 DUI's and my criminal behavior has nothing to do with drugs and or alcohol. My crimes were committed out of anger, pain, rage, and feeling that I had to strike out at the people who hurt me. I have successfully dealt with ALL the problems in my past which have lead to my criminal thinking and behavior.

Since it is already decided by Ms. Driskell, without even talking to me, that a new assessment will only reinforce my need for treatment, I respectfully request that the "Therapeutic Community" be removed from my prescriptive plan.

Edward J. McNatt
Edward J. McNatt

c.c: file

EXHIBIT 2(a)

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

INSTRUCTIONS
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| | |
|---|---|
| 1. To: (Name and Title of Officer) ~~Supt. Patrick~~ | 2. Date: 2-17-05 |
| 3. By: (Print Inmate Name and Number) Edward McNatt DL 6772<br>Edward McNatt<br>Inmate Signature | 4. Counselor's Name Barrows<br>5. Unit Manager's Name Gaman |
| 6. Work Assignment Maint. | 7. Housing Assignment [redacted] |

8. Subject: State your request completely but briefly. Give details.

Sir:

I went down for my parole staffing and I was told that I "did not" have fail support because of this T.C program that WILL NOT help me.

Could you please have this removed from my prescriptive plan or order a new assessment for me? ~~This is~~ The parole agent here said, if T.C. was to be removed, I would have a great chance at being paroled next month.

I'm not sure if Mr. Walstrom, my boss, spoke to you about this yet but, if he did not, that is the reason for this request.

Thank you for your time and concern on this issue of such importance. I have tried many times to have this issue resolved through staff but it was all to know avail.

9. Response: (This Section for Staff Response Only)

McNatt,

I will have Major Close Review you File. I Believe Because of you TCU score, The T.C will be Mandatory

CC: Supt Patrick
Major Close - Please Check File

To DC-14 CAR only ☐ To DC-14 CAR and DC-15 IRS ☐

Staff Member Name Britton (Print) / [signature] (Sign) Date 2/21/05

Revised July 2000

EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD JOSEPH McNATT, Petitioner. | ) | |
| | ) | No. 05-128 Erie |
| vs. | ) | Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| GEORGE PATRICK, Superintendent, et al., Respondents. | ) | |

CERTIFICATE OF SERVICE

I, Edward Joseph McNatt, Petitioner, pro se, hereby certify that on the 15th day of July, 2005, I caused to be served a true and correct copy of the foregoing document titled Rebuttal to Respondent's Answer to Petition for Writ of Habeas Corpus by First Class Mail addressed as follows:

Scott A. Bradley
Senior Deputy Attorney General
Litigation Section
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Edward Joseph McNatt
Edward Joseph McNatt,
Petitioner, pro se

Edward J. McNatt
DL-6772
P.O. Box 1000
Houtzdale, PA 16698

Clerk's Office
United States Dist. Court
Western District
P.O. Box 1820
Erie, Pennsylvania 16507

RE: MCNATT V. PATRICK, ET AL., 05-128 ERIE

Dear Clerk of Court:

Find enclosed, one (1) original and eight (8) copies of my Rebuttal to Respondents Answer for Petition for Writ of Habeas Corpus with attached exhibits and Certificate of Service.

Dated this 15th day of July, 2005.

Respectfully Submitted,

Edward J. McNatt

Edward J. McNatt,
Petitioner, pro se