IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD JOSEPH MCNATT, | : | C.A. No. 05-128 ERIE |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | |
| | : | Type of Document: |
| | : | |
| SUPERINTENDENT GEORGE PATRICK, | : | Answer to Petition |
| et al. | : | for Writ of Habeas Corpus |
| | : | |
| Respondent. | : | |
| | : | |
| | : | |
| | : | Attorneys of Record: |
| | : | |
| | : | Maria Battista Kerle, Esq. |
| | : | Assistant District Attorney |
| | : | Attorney I.D. #: 69067 |
| | : | |
| | : | Marie T. Veon, Esq. |
| | : | District Attorney |
| | : | Attorney I.D. #: 42174 |
| | : | |
| | : | Office of District Attorney |
| | : | Venango County |
| | : | Courthouse |
| | : | Franklin, PA 16323 |
| | : | PH:  814-432-9598 |
| | : | FAX: 814-437-6721 |
| | : | |
| | : | |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD JOSEPH MCNATT,<br>    Petitioner,<br><br>    vs.<br><br>SUPERINTENDENT GEORGE PATRICK,<br>et al.,<br>    Respondents. | )<br>)<br>)<br>)   C.A. No. 05-128 Erie<br>)<br>)<br>)<br>) |

ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

AND NOW, this 3rd day of August, 2005, comes the Respondent, District Attorney of Venango County, Marie T. Veon, Esq. and Assistant District Attorney, Maria Battista Kerle, Esq. and respectfully submits the following Answer to Petitioner, Edward Joseph McNatt's Petition for Writ of Habeas Corpus filed in the above captioned case and avers as follows:

I.  **Procedural History and Statement of Facts:**

1. By information at **CR No. 182-98**, the defendant/petitioner ("McNatt") was charged with the following counts which occurred on Monday, July 14, 1997:[1]
   a. Forgery, 18 P.S. 4101(a)(2), F3, one count
   b. Theft by Deception, 18 P.S. 3922(a)(1), M2, one count
   c. Criminal Conspiracy, 18 P.S. 903(a), F3, one count

2. By information at **CR No. 183-98**, McNatt was charged with the following counts which occurred on Wednesday, August 6, 1997:[2]
   a. Bad Checks, 18 P.S. 4105, M2, four counts
   b. Theft by Deception, 18 P.S. 3922(a)(1), M1, one count
   c. Receiving Stolen Property, 18 P.S. 3925(a), M3, one count
   d. Forgery, 18 P.S. 4101(a)(2)(3), F3, four counts

2. McNatt entered a plea agreement and pled guilty to Count One, Forgery, 18 P.S. 4101(a)(2), F3, with all other counts to be nol prossed at **CR No. 182-98** at Re-arraignment court on September 15, 1998.[3]

---

[1] See Exhibit 1, pp. 1-2, Information, CR No. 182-98.
[2] See Exhibit 2, pp. 3-4, Information, CR No. 183-98.

1

3. McNatt entered a plea agreement and pled guilty to Count Five, Theft by Deception, 18 P.S. 3922(a)(1), M1, with all other counts to be nol prossed at **CR No. 183-98** at Rearraignment court on September 15, 1998.[4]

4. McNatt was sentenced on both cases, **CR No. 182-98 and CR No. 183-98** on October 20, 1998 before the Honorable Oliver J. Lobaugh.[5]

5. McNatt by Sentence Order dated October 20, 1998 at **CR No. 183-1998,** was to pay costs of prosecution, all other costs, pay a fine of $300, and serve a term in a state institution for a minimum of sixteen (16) months, the maximum of which shall be sixty (60) months.[6]

6. McNatt by Sentence Order dated October 20, 1998 at **CR No. 182-1998**, was to pay costs of prosecution, all other costs, pay a fine of $300, and serve a term in a state institution for a minimum of sixteen (16) months, the maximum of which shall be eight-four (84) months to be consecutive to the sentence at **CR. No. 183-1998**.[7]

7. The Commonwealth and defense counsel stipulated that the Prior Record Score (PRS) of McNatt was a 5 with both counts pled to having an offense gravity score of 3 (**183 of 1998**, Ct. 5, Theft by Deception, 18 P.S. 3922(a)(1), M1, OGS 3; **182 of 1998**, Ct. 1, Forgery, 18 P.S. 4101(a)(2), F3, OGS 3). The Honorable Oliver J. Lobaugh accepted the PRS of 5 as stipulated to between counsel despite the fact that the Judge had a prior record score of R-fel. The Standard Range for McNatt was six to sixteen months on each count as pled and sentenced.[8]

8. McNatt watched a video explaining all of his rights to file motions including post-sentence motions within ten (10) days as well as the procedures to file an appeal.[9]

9. During sentencing, the Honorable Oliver J. Lobaugh asked McNatt if he understood the legal rights that he was advised of and McNatt responded "yes".[10]

---

[3] See Exhibit 4, p. 6, Plea Agreement, CR No. 182 and 183 of 2004. Nolle Prosequi was entered in both cases for the counts not pled to as seen in Exhibit 7 and Exhibit 9.

[4] See Exhibit 4, p. 6, Plea Agreement, CR No. 182 and 183 of 2004.

[5] See Exhibit 6, p. 8, Sentence Order at CR No. 183-98; Exhibit 8, p. 10, Sentence Order at CR No. 182-98; and Exhibit 11, pp. 13-31, Transcript of Sentencing on October 20, 1998 before the Honorable Oliver J. Lobaugh.

[6] See Exhibit 6, p. 8, Exhibit 11, pp. 27-28.

[7] See Exhibit 8, p. 10, Exhibit 11, pp. 28-29.

[8] See Exhibit 10, p. 12, Guideline Sentence Form for Edward J. McNatt; Exhibit 11, Transcript of Sentencing, pp. 21-23.

[9] See Exhibit 11, pp. 11-19. Examples were given of types of post-sentence motions that could be filed such as: plea not intelligently or voluntarily made by defendant, jurisdiction of Court, ineffectiveness of trial counsel, or assert sentence was illegal. The judge also made McNatt aware that if he could not afford counsel, counsel would be appointed to him.

10. The Honorable Oliver J. Lobaugh also asked McNatt whether he had any questions to ask him and McNatt responded "no".[11]

11. The Honorable Oliver J. Lobaugh also questioned McNatt whether he understood that he could present evidence at the sentencing hearing and McNatt responded "yes, sir".[12]

12. McNatt was provided an opportunity to make a statement to the Honorable Oliver J. Lobaugh at sentencing.[13]

13. The total confinement imposed by the sentences at CR 183-1998 and CR 182-1998 was: 32 months to 144 months.[14]

14. On February 17, 1999, McNatt filed a Motion to Proceed Nunc Pro Tunc, In Filing Post-Sentence Motions and Direct Appeal.[15]

15. On March 12, 1999, by Order of Court, the Motion to Proceed Nunc Pro Tunc, in Filing Post-Sentence Motions and Direct Appeal were denied.[16]

16. In December of 2000 and filed December 4, 2000, a letter was received by the Honorable Oliver J. Lobaugh, requesting a response as to whether the Judge wished to provide any recommendations on McNatt's release on parole with the Judge indicating that he had no recommendation at this time.[17]

17. In December of 2000 and filed on December 4, 2000, the Pennsylvania Board of Probation and Parole did request a copy of the testimony of the sentencing of McNatt.[18] The Court Reporter did respond to this request by letter dated January 19, 2001.[19]

18. Dated April 12, 2004 and filed on April 14, 2004, McNatt filed a Motion to Strike Judgment of Order for Support with a proposed Order and Petition for Relief/Remedy.[20]

---

[10] See Exhibit 11, p. 20.
[11] See Exhibit 11, p. 20.
[12] See Exhibit 11, p. 20.
[13] See Exhibit 11, p. 26-27.
[14] See Exhibit 12, p. 32, and Exhibit 13, p. 33.
[15] See Exhibit 15, pp. 37-38.
[16] See Exhibit 16, p. 39.
[17] See Exhibit 17, p. 40 and 18, p. 41.
[18] See Exhibit 19, p. 42.
[19] See Exhibit 20, p. 43.
[20] See Exhibit 21, pp. 44-48.

19. On July 14, 2004, McNatt filed a Motion for Post Conviction Collateral Relief in the Court of Common Pleas of Venango County, Pennsylvania for both cases: **CR No. 182-98 and CR No. 183-98.**[21] McNatt's three main arguments in his PCRA were as follows: Sentence was an aggravated range sentence, plea was not entered into knowingly and willingly, and counsel was ineffective for not explaining the guidelines that McNatt was going to be sentenced under after taking the plea.[22]

20. On July 22, 2004, McNatt filed an Amendment in Support of his PCRA.[23] The arguments that are submitted were: ineffective assistance of counsel, double jeopardy, plea was not voluntarily entered based on ineffective assistance of counsel.

21. On July 28, 2005, by Order of Court, McNatt was appointed counsel, William Cisek, to represent him is his PCRA proceeding.[24]

22. Dated September 24, 2004, and filed on September 29, 2004, McNatt wrote a letter to the Honorable Oliver J. Lobaugh regarding his PCRA case and his counsel, William Cisek.[25]

23. Dated October 7, 2004, and filed on October 12 2004, McNatt submitted a Petition for Writ of Habeas Corpus and an Application for Immediate Hearing on The Pending Petition for Writ of Habeas Corpus in the Court of Common Pleas of Venango County.[26]

24. In October 2004, Mcnatt filed an Application for Leave to File Original Process and a Petition for Writ of Habeas Corpus with the Supreme Court of Pennsylvania, Western District.[27]

25. Dated October 24, 2004 and received by the District Attorney's Office in Venango County on October 27, 2004, McNatt sent to Marie T. Veon, District Attorney, a

---

[21] See Exhibit 22, pp. 49-57, Motion for Post Conviction Collateral Relief, filed by defendant/petitioner.
[22] See Exhibit 22, p. 51.
[23] See Exhibit 23, pp. 58-69. Amendment to PCRA.
[24] See Exhibit 24, pp. 70-71, Order of Court, Appointment of Counsel for Defendant.
[25] See Exhibit 25a, p 72, Letter to the Honorable Oliver J. Lobaugh, regarding CR 182 and 183-98, PCRA and appointed counsel.
[26] See Exhibit 25b, p.74-76, Petition for Writ of Habeas Corpus, in Court of Common Pleas, Venango County, and Exhibit 25c, p. 77, Application for Immediate Hearing on The Pending Petition for Writ of Habeas Corpus.
[27] See Exhibit 26, p. 78, Letter from Supreme Court of Pennsylvania to Marie T. Veon, Esq. regarding McNatt's documents filed with the Supreme Court of Pennsylvania and for the District Attorney to respond.

letter and a copy of the Application for Leave to File Original Process which was submitted to the Supreme Court of Pennsylvania.[28]

26. Dated November 12, 2004 and received by the District Attorney's Office in Venango County on November 16, 2004, McNatt sent a letter and copy of his Motion for Nominal Bail Pending Appeal, which was filed with the Pennsylvania Supreme Court.[29]

27. Dated November 12, 2004, Maria Battista Kerle, Assistant District Attorney, wrote a letter to the Prothonotary of the Supreme Court of Pennsylvania regarding the Commonwealth's position to not file a brief but to indicate that the cases should be dismissed for being premature while a PCRA and Habeas Corpus Petition were still outstanding in the Common Pleas Court of Venango County.[30]

28. Dated November 19, 2004 and received by the District Attorney's Office on November 29, 2004, McNatt wrote a Motion to Dismiss the Commonwealth's Filing with the Supreme Court of Pennsylvania.[31]

29. By letter dated November 23, 2004, the Office of the Prothonotary, Supreme Court of Pennsylvania, Western District, returned the original and copies of McNatt's Motion for Nominal Bail Pending Appeal due to no basis for a bail permitted with a habeas corpus petition.[32]

30. On November 30, 2004, a Request to Proceed Pro Se was filed by McNatt regarding his PCRA and to dismiss his counsel, William Cisek, Esq.[33]

31. By letter dated December 6, 2004, the Office of the Prothonotary, Supreme Court of Pennsylvania, Western District, responded to McNatt's Motion to Dismiss Commonwealth's Filing as Untimely and Request for relief by noting that it was the practice of the Prothonotary's office to accept responsive pleadings and to determine date of mailing by the use of form 3817.[34]

---

[28] See Exhibit 27a, p. 79, Letter to District Attorney Veon; See Exhibit 27 b, p. 80-81, Application for Leave to File Original Process.
[29] See Exhibit 28a, p. 82, Letter to District Attorney Veon; See Exhibit 28b, p. 83, Motion for Nominal Bail Pending Appeal.
[30] See Exhibit 29, p. 85-86, Letter to Prothonotary, Supreme Court of Pennsylvania from attorney, Maria Battista Kerle.
[31] See Exhibit 30, p. 87-91, Motion to Dismiss Commonwealth's Filing as Untimely and Request for Relief.
[32] See Exhibit 31, p. 92, Letter to Mr. McNatt from Prothonotary of Supreme Court of Pennsylvania.
[33] See Exhibit 32, p. 93-95, Request to Proceed Pro Se.
[34] See Exhibit 33, p. 98, Letter to Mr. McNatt from Prothonotary of Supreme Court of Pennsylvania.

32. On January 21, 2005, an Order from the Supreme Court of Pennsylvania, Western District, indicated that McNatt's Petition for Writ of Habeas Corpus, Application for Immediate Hearing, and Motion to Dismiss Commonwealth's Filing as Untimely and Request for Relief were denied.[35]

33. Dated February 14, 2005, and received by the District Attorney's Office on February 18, 2005, McNatt submitted a Notice of Appeal to the Superior Court of Pennsylvania with a Concise Statement of Matters Complained of on Appeal addressed in the Court of Common Pleas, Venango County.[36]

34. Dated February 16, 2005, and filed on February 18, 2005, the Clerk of Courts in Venango County received a letter from the Superior Court forwarding the appeal received by McNatt at CR No. 182-1998 and CR No. 183-1998.[37]

35. On February 28, 2005, McNatt filed an Application for an Immediate Hearing on the Pending Petition for Writ of Habeas Corpus in the Court of Common Pleas of Venango County, Pennsylvania.[38]

36. Dated March 16, 2005 and filed on March 21, 2005, McNatt filed a Letter and Praecipe for Entry of Order to have his Habeas Corpus Petition denied.[39]

37. Dated April 4, 2005, McNatt directed a letter to the Court Administrator, Carol Hutchinson, requesting information as to when hearings would take place on his motions/petitions pending in the Venango County Courts.[40]

38. On May 4, 2005, the Honorable Oliver J. Lobaugh, provided an Opinion of Court which **dismissed** McNatt's Petition for Writ of Habeas Corpus, Application for Immediate Hearing Pending Writ of Habeas corpus and a Petition for Appeal without consideration on the merits given that McNatt had appointed counsel, William Cisek, on the PCCRA filings. The judge indicated that McNatt could not represent himself pro se while having counsel listed to represent him.[41]

39. On May 19, 2005, a hearing was conducted via videoconference with McNatt, his attorney, William Cisek and Assistant District Attorney Maria Battista Kerle present

---

[35] See Exhibit 34, Order from Supreme Court of Pennsylvania, Western District.
[36] See Exhibit 35a, b, pp. 98-101, Notice of Appeal, Statement of Matters Complained Of.
[37] See Exhibit 37, p. 103, Letter to Clerk of Courts, Venango County from Deputy Prothonotary, Superior Court of Pennsylvania.
[38] See Exhibit 36, p. 102, Application for an Immediate Hearing on the Pending Petition for Writ of Habeas Corpus.
[39] See Exhibit 38a, p. 104, Letter to Prothonotary, Venango County Courthouse, and Exhibit 38b., p. 105, Praecipe for Entry of Order.
[40] See Exhibit 39, pp. 106-108, Letter to Court Administrator.
[41] SeeExhibit 40, pp. 109-112, Opinion of Court which goes into detail with case law to support the position of the Common Pleas Judge, Oliver J. Lobaugh.

on behalf of the Commonwealth. McNatt indicated that after speaking with his counsel, William Cisek, that he desired to withdraw his motion to remove counsel and wished for his counsel to proceed on his behalf. An Order of Court was entered memorializing this hearing which was filed on May 23, 2005.[42]

40. Dated June 23, 2005 and filed on June 30, 2005, McNatt submitted to the Honorable Oliver J. Lobaugh a letter with a pro se filing for an Amendment to McNatt's PCRA. McNatt had three main arguments: Ineffective Assistance of Counsel, Prosecutorial Misconduct for Withholding Evidence or Manipulating Manner of Charging, and Illegal and Excessive Sentence. McNatt also had twenty-four (24) questions presented for review.[43]

41. McNatt has been up for parole on four separate occasions but has been denied at the following times:

   a. March 29, 2005, denial of parole including for the following reasons:
      i. Lack of remorse for the offenses committed;
      ii. Recommendations made by the department of corrections;
      iii. Reports, Evaluations, and Assessments concerning your physical, mental, and behavior conditions and history; and
      iv. Unacceptable compliance with prescribed institutional programs.[44]
   b. October 19, 2004, denial of parole including for the following reasons:
      i. Recommendations made by the department of corrections; and
      ii. Unacceptable compliance with prescribed institutional programs.[45]
   c. October 23, 2003, denial of parole including for the following reasons:
      i. A need to participate in and complete additional institutional programs[46]
   d. June 28, 2002, denial of parole including for the following reasons:
      i. Interview with defendant/petitioner; and
      ii. Review of defendant/petitioner's file.[47]
   e. May 17, 2001, denial of parole.

42. Certified copies of the Criminal Docket for CR No. 182-1998 and CR No. 183-1998, in the Court of Common Pleas of Venango County are included with this filing.[48]

---

[42] See Exhibit 41, p. 113, regarding continuance to have hearing on May 19, 2005 via video conferencing; Exhibit 42, p. 114, Order of Court, wherein defendant/petitioner's motion to remove counsel was withdrawn.
[43] See Exhibit 43a, p. 115, Letter to defendant/petitioner indicating no action would take place with defendant's pro se filings while William Cisek was still his counsel; Exhibit 43b, p. 116, Letter to Judge Lobaugh by defendant/petitioner, regarding amendments he would like to see to his PCRA petition; Exhibit 43c, pp. 117-129, Petitioners Amendment in Support of PCRA.
[44] See Exhibit 44a, p. 130-131, Notice of Board Decision.
[45] See Exhibit 44b, pp. 132-133, Notice of Board Decision.
[46] See Exhibit 44c, pp. 134-135, Notice of Board Decision.
[47] See Exhibit 44d, pp. 136-137, Notice of Board Decision.

43. Currently, McNatt is an inmate committed to the custody of the Pennsylvania Department of Corrections ("DOC") and is currently housed at the State Correctional Institution at Houtzdale ("SCI-Houtzdale").

44. McNatt is challenging the denial of his request for parole by the Pennsylvania Board of Probation and Parole ("Board").

45. McNatt, sentenced on October 20, 1998, had a minimum term expired on June 20, 2001 with a maximum term to expire on October 20, 2010.

46. McNatt has not challenged any of the parole denials through administrative proceedings before the Board or in litigation in Pennsylvania's state courts.[49]

II. **Allegations of Petitioner in Writ of Habeas Corpus:**

In the Petition submitted by McNatt, he acknowledged and/or argued the following:

a.  McNatt is not filing an appeal due to any decisions made in the Venango County Court of Common Pleas or in any other court.

b.  McNatt stated that his Writ is specifically targeted toward the decision of the Pennsylvania Board of Probation and Parole in Harrisburg, Pennsylvania.

c.  McNatt pled guilty to one count of forgery at CR 182-1998 and one court of theft by deception at CR 183-1998 with a sentence imposed for both cases on October 20, 1998.

d.  McNatt noted that it was "not applicable" that he never filed an appeal from the judgment of conviction.

e.  McNatt noted that it was "not applicable" for him to be required to file any petitions, applications, motions to this judgment in any other court, state or federal, including petitions under the Post Conviction Hearing Act.

f.  The specific arguments presented by McNatt in his Petition regarding the acts of the Board are as follows:[50]

---

[48] See Exhibit 45, pp. 138-146, CR No. 182-1998, Certified Criminal Docket; Exhibit 46, pp. 147-155, CR No. 183-1998, Certified Criminal Docket.
[49] Petition, at ¶ 11.
[50] The Commonwealth via the District Attorney adopts footnote 1 in the Answer of Respondents, George Patrick, Superintendent, the Pennsylvania Board of Probation and Parole, and the Attorney General of the State of Pennsylvania, to be incorporated herein by reference as if set forth in full.

    a. Fifth amendment right against self-incrimination given that McNatt has a case pending in New Jersey and can't complete Therapeutic Community Programming unless he admits to the offenses in New Jersey when the case is not decided yet.

    b. Due Process Right denied because McNatt would be forced to give up Fifth amendment rights to get parole.

    c. Denial of fair and partial hearing for parole because McNatt's Fifth amendment rights are not recognized and different treatment given to other inmates.

    d. Favoritism given to other inmates who are not required to complete the Therapeutic Community Programming although required on the prescriptive program sheet (equal protection claim).

    e. The decision made by the Board that McNatt "lacked remorse" is a manifest injustice.

    f. Boards reliance on past information of McNatt which inhibits a fair and impartial review for McNatt.

    g. Lack of intent of the Board to release McNatt on parole despite McNatt has completed programming as required.

    h. Denial of a fair and impartial hearing and denied recommendation from the DOC because McNatt exercised his right to the grievance system implemented by the DOC.

    i. McNatt has a positive support system and possibly a job if paroled.

    j. The Board's statement "The interest of the Commonwealth would be injured by my release" was fictitious with the Board providing no facts to support such claim.

    k. Past history of McNatt's mental or physical disability used by Board violates the American with Disabilities Act.

g. McNatt also stated that the reason for filing with United States District Court of the Western District was because there was no adequate remedy at law for parole denials in the state court. McNatt cited the case of *Defoy v. McCullough*, 393 F.3d 439 (3rd Cir., 2005).

h. McNatt stated that he has no other petitions or appeals pending as to the issue of the Board's conduct with regard to his parole denials.

9

  i. Although McNatt does have counsel on his PCRA, William Cisek, McNatt indicated in his Petition at paragraph sixteen (16) that he has no representation for the issues with the allegations against the Board.

## III. Discussion:

### A. Exhaustion.

The Commonwealth via the District Attorney of Venango County adopts the arguments of respondents, George Patrick, Superintendent and the Pennsylvania Board of Probation and Parole, and the Attorney General of the State of Pennsylvania, as it relates to the Exhaustion arguments in their Answer to be incorporated herein by reference as if set forth in full (except for one sentence)[51]. In addition, the following as argued:

Pursuant to 28 U.S.C. 2254(b) the following is applicable:

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ---
  (A) the applicant has exhausted the remedies available in the courts of the State; or
  (B)
    (i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

---

[51] The Commonwealth via the District Attorney does not adopt the sentence in the Exhaustion argument as follows: "Consequently, McNatt's Claims should be considered to have been exhausted. See, e.g., Vanhook v. Tennis, 2005 WL 433460 (E.D. Pa. 2005).

10

The purpose of the exhaustion doctrine is to address "federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."[52] In addition, McNatt has the burden to prove exhaustion.[53] Although the holding in *Defoy* supports the premise that constitutional claims in denial of parole need not be presented to state courts via a writ of mandamus to satisfy the requirement of exhaustion, many cases support the opposite conclusion. It is the position of the District Attorney that McNatt would have had to exhaust his remedies in state court via a writ of mandamus unless such act would be considered futile. Circuit Judge Weis, in concurring in the *Defoy* decision, argued that constitutional violations against the Parole Board through a writ of mandamus are possible and that the State Supreme Court would permit the use of mandamus for that purpose.[54] Thus, in the instant case, since constitutional challenges to a parole denial are cognizable and have jurisdictional basis via writ of mandamus in the Pennsylvania state courts and no evidence exists in the instant case to argue that McNatt would have made a

---

[52] DeFoy v. McCullough, 393 F.3d 439, 442 (3rd Cir. 2005)(quoting Coady v. Vaughn, 251 F.3d 480, 488 (3rd Cir. 2001)).

[53] See DeFoy v. McCullough, 393 F.3d 439, 442 (citing Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993)).

[54] Defoy, 393 F.3rd at 445-449. Circuit Judge Weis in support of the position that a writ of mandamus is available with regard to constitutional violations against the Board, the following cases were used to support such position: Voss v. Pennsylvania Board of Probation & Parole, 788 A.2d 1107 (Pa. Commw. Ct. 2001); Evans v. Pennsylvania Board of Probation & Parole, 820 A.2d 904 (Pa. Commw. Ct. 2003), Weaver v. Pa. Bd. of Prob. And Parole, 688 A.2d 766 ( Pa. Commw. Ct. 1997)(Circuit Judge Weis in his concurring decision in Defoy, 393 F.3rd at 448 stated "[a] fair reading of *Weaver* reveals that it recognizes that mandamus jurisdiction exists in the Commonwealth Court for Constitutional violations that should not enter into a parole decision."); Meyers v. Ridge, 712 A.2d 791 (Pa. Commw. Ct. 1998). Circuit Judge Weis then stated that the only time exhaustion of state remedies would be excused was when the resort to the state courts would be futile. Unlike the *Defoy* case where Defoy was rejected on constitutional theory on a number of occasions, this was not the case in the instant proceeding. McNatt has never even attempted to submit his constitutional claims to the state courts for a determination prior to filing his Writ of Habeas Corpus in the federal courts.

futile attempt to file in state court if he would have, then he has not exhausted is remedies and the District Court should not decide the case.[55]

**B. Fifth Amendment.**

The Commonwealth via the District Attorney of Venango County adopts the arguments of respondents, George Patrick, Superintendent, the Pennsylvania Board of Probation and Parole, and the Attorney General of the State of Pennsylvania, as it relates to the Fifth Amendment arguments in their Answer to be incorporated herein by reference as if set forth in full.

**C. Equal Protection.**

The Commonwealth via the District Attorney of Venango County adopts the arguments of respondents, George Patrick, Superintendent, the Pennsylvania Board of Probation and Parole, and the Attorney General of the State of Pennsylvania, as it relates to the Equal Protection arguments in their Answer to be incorporated herein by reference as if set forth in full.

**D. Due Process.**

The Commonwealth via the District Attorney of Venango County adopts the arguments of respondents, George Patrick, Superintendent, the Pennsylvania Board of Probation and Parole, and the Attorney General of the State of Pennsylvania, as it relates to the Due Process arguments in their Answer to be incorporated herein by reference as if set forth in full.

---

[55] In the event that the Petition of Mcnatt has both unexhausted and exhausted claims, the district court must dismiss the habeas petition. See Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205 (1982).

IV.   **Conclusion:**

**WHEREFORE,** for the foregoing reasons, the Petition for Writ of Habeas Corpus should be **DISMISSED.**

|  |  |
|---|---|
| Office of the District Attorney<br>Venango County Courthouse<br>Franklin, PA  16323<br>Phone: 814-432-9598<br>Fax:    814-437-6721 | Respectfully submitted,<br><br>_____<br>Maria Battista Kerle, Esq.<br>Assistant District Attorney<br>Venango County<br>Attorney I.D. No.: 69067<br><br>_____<br>Marie T. Veon, Esq.<br>District Attorney<br>Venango County<br>Attorney I.D. No.:  42174 |

Dated:  August 3, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD JOSEPH MCNATT, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | C.A. No. 05-128 Erie |
| | ) | |
| SUPERINTENDENT GEORGE PATRICK, | ) | |
| et al., | ) | |
| Respondents. | ) | |

**CERTIFICATE OF SERVICE**

I, Maria Battista Kerle, Assistant District Attorney, and Marie T. Veon, District Attorney, for the Commonwealth of Pennsylvania, hereby certify that on the _3rd_ day of August, 2005, we have caused to be served a true and correct copy of the foregoing document titled Answer to Petition for Writ of Habeas Corpus by First Class Mailing to the following:

Edward Joseph McNatt, DL-6772
State Correctional Institution
   at Houtzdale
P.O. Box 1000
Houtzdale, PA  16698-1000

```
Clerk of the District Court
P. O. Box 1820
EErie, PA  16507
```

_____
Maria Battista Kerle, Esq.
Assistant District Attorney, Venango County

_____
Marie T. Veon, Esq.
District Attorney, Venango County

14