10

**Offender's Name (Last, First, Middle):** McNGH, Edward J.

**Date of Birth:** 2/14/69  **Sex:** ☒ Male ☐ Female  **Form:** 1 of 2

**State ID Number:** ___  **Police Photo ID Number:** ___  **Social Security Number:** -5701  **Race:** ☒ White ☐ Hispanic ☐ Am. Indian ☐ Black ☐ Asian ☐ Other

**Judge's Name:** LOBAUGH, OLIVER  **County:** Venango  **Person Completing Form:** Danzer  **Date of Sentence:** 10/20/98

## Prior Record

☐ Check box if same Prior Record Score information is found on another form from this judicial proceeding. Do not enter information again; give Commission Form ID# from other form.

| | Juvenile Adjudication | Adult Conviction |
|---|---|---|
| Murder & inchoates | | |
| Vol. Manslaughter | | |
| Rape | | |
| Kidnapping | | |
| I.D.S.I. | | |
| Arson (F-1/person) | | |
| Robbery (SBI) | | |
| Rob. Motor Veh (SBI) | | |
| Agg. Assault (SBI) | | |
| Drug Del. Death | | |
| Burglary (house/person) | | |
| Ethnic Intimidation to F1 | | |

**A** Add # of offenses in each block & enter sum: ___ + ___ x4 = ___

| | | |
|---|---|---|
| Inchoate to 4 pt. off's | | |
| Arson (F1/no person) | | |
| Robbery (other F1) | | |
| Robbery Motor Vehicle (no SBI) | | |
| Agg. Assault (att. SBI) | | |
| Burglary (other F1) | | |
| Agg. Indecent Assault | | |
| Sexual Assault | | |
| Other Felony 1s | | |

**B** Add # of offenses in each block & enter sum: ___ + ___ x2 = ___

| | | |
|---|---|---|
| Felony 2s | ___ + ___ x2 = 10 |
| Fel. Drugs [>= 50gr.] | ___ + ___ x3 = |
| Other Felony drugs | ___ + ___ x2 = |
| Felony 3s | | |
| M1 - Death | | |
| M1 - Weapon | | |
| M1 - Children | | |
| M1 - DUI | | |

**C**

Add # of offenses in each block & enter sum: ___ x1 = ___

Other Misd. ___ =

| PRIOR RECORD SCORE: | |
|---|---|
| 0-1=0 | 4-6=2 |
| 2-3=1 | 7+ =3 |

**PRIOR RECORD SCORE:**
If A is 8 points or greater, and the OGS = 9 or more: **PRS = REVOC**
Otherwise, if A + B is 6 points or greater: **PRS = RFEL**
Otherwise, PRS = A + B + C (maximum = 5): **PRS = ___**

## Current Offense

**Offense Name/Description:** Forgery  **Date of Offense:** 7-14-97

**Title & Section:** 18-4101 (a)(2)  **Docket #:** 182-98  **Count #:** 1

**Grade:** F-3  **OGS:** 3  **PRS:** RFEL  **OTN:** F053834-4

## Sentencing Information

| GUIDELINE RANGES | Mitigated | Standard | Aggravated | LEVEL |
|---|---|---|---|---|
| | 4-12 | 12-18 | 18-21 | |

Mandatory minimum, if applicable: ___

**MANDATORY**
☒ None
☐ Drugs to Minors (18-6314)
☐ Drug Trafficking (18-7508)
☐ Visible Firearm (42-9712)
☐ Two/Three Strikes (42-9714)
☐ Elderly (42-9717)
☐ Children (42-9718)
☐ DUI (75-3731) (below):
___ 1st ___ 3rd
___ 2nd ___ 4th+
☐ Other ___

**ENHANCEMENT** ☐ None
☐ Deadly Weapon/Possessed
☐ Deadly Weapon/Used
Weapon: Type: ___
☐ Youth/Drug Distribution
☐ School/Drug Distribution

| | Yes | No | OTHER INFORMATION |
|---|---|---|---|
| | ☐ | ☐ | Drug Dependent |
| | ☐ | ☐ | IP Eligible |
| | ☐ | ☐ | Boot Camp Eligible |
| | ☒ | ☐ | PSI Completed |
| | ☐ | ☐ | D&A Eval. Completed |
| | ☐ | ☐ | Sexually Viol. Predator |

## Sentence Imposed

**CONFINEMENT/INTERMEDIATE PUNISHMENT**
☒ Confinement/State Facility  Boot Camp Authorized ☐ Yes ☐ No
☐ Confinement/County Facility  Work Release Authorized ☐ Yes ☐ No
Minimum: 16 [mos.]
Maximum: 84 [mos.]
Credit for Time Served: ___ [days]
☐ Intermediate Punishment
RIP Period: ___ [mos.]
Program(s): ___
RS Period: ___ [mos.]
Program(s): ___
If DRUG DEPENDENT: is IP consistent with clinical recommendation? ☐ Yes ☐ No

**RESTORATIVE SANCTIONS**
☐ Probation Period: ___ [mos.]
Condition(s): ___
☐ Fines (Amt.) $ ___
☒ Restitution [Amt.] $ 159.17
☐ Costs [Amt.] $ ___
☐ Guilty without further penalty [NFP]

| GUIDELINE CONFORMITY | | CONCURRENT/CONSECUTIVE |
|---|---|---|
| ☒ Standard | Departure | This sentence is: |
| ☐ Aggravated | ☐ Below | ☐ Concurrent to: ___ |
| ☐ Mitigated | ☐ Above | ☒ Consecutive to: CR 183-98 |
| Write reasons on back of form. | | ☐ TOTALLY CONCURRENT |

**TYPE OF DISPOSITION**
☒ Neg. Guilty Plea  ☐ Bench Trial  ☐ Nolo Contendere
☐ Non-Neg. Guilty Plea  ☐ Jury Trial  ☐ Other

**JUDGE'S SIGNATURE** ___  **DATE** 10/20/98

**PLEASE INDICATE THE CUMULATIVE SENTENCE IMPOSED DURING THE JUDICIAL PROCEEDING:**
Minimum Confinement: 30 [mos.]
Maximum Confinement: 144 [mos.]
Other: ___ [mos.]

PCS 6  6/97

*DA*

*Exhibit 11*

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

vs.

EDWARD J. McNATT

CR No. 182 - 1998

CR No. 183 - 1998

COPY

BEFORE THE HONORABLE OLIVER J. LOBAUGH, JUDGE,

VENANGO COUNTY, PENNSYLVANIA, IN COURTROOM I,

COURTHOUSE, FRANKLIN, VENANGO COUNTY,

PENNSYLVANIA, OCTOBER 20, 1998,

COMMENCING AT 4:24 p.m.

STATE SENTENCE

APPEARANCES:

Robert Grossi, Esquire - For the Commonwealth
Assistant District Attorney
Courthouse
Franklin, Pennsylvania  16323

Blair Hindman, Esquire - For the Defendant
Assistant Public Defender
Courthouse
Franklin, Pennsylvania 16323

Melissa R. Keating, RPR
Official Court Reporter
Courthouse
Franklin, Pennsylvania  16323

1

13

1   THE COURT: I want to advise you of your legal

2   rights.

3       Where a presentence investigation has been

4   ordered, counsel has had the opportunity to inspect

5   the report.  Your counsel should go over the report

6   with you before you appear for sentencing today.

7       Any sentence by this Court is intended to meet

8   the criteria established by the Pennsylvania

9   Sentence Code, the rules of the Pennsylvania Supreme

10  Court, and the sentence guidelines applicable to

11  your case.

12      We state that for anyone who's in pretrial

13  confinement, your good conduct while in pretrial

14  confinement has been a factor in your sentence and

15  has been considered.

16      Any criminal record that is contained in a

17  presentence investigation without a disposition of

18  the charge was given no consideration in this

19  sentence.

20      With regard to your sentencing, I now want to

21  advise you of how you go about obtaining a review of

22  your sentence and of the proceedings up to this

23  point in the event you want this Court to review the

24  proceeding or you want to appeal to an appellate

25  court.

2

14

1    If you pleaded guilty, you have a right, within

2    ten days from today, to file a motion with this

3    Court asking to be allowed to withdraw your guilty

4    plea.  If you ask to be allowed to withdraw your

5    guilty plea, the Court will conduct a hearing.  If

6    the Court finds that a manifest injustice would

7    occur if we denied your request to change your plea,

8    the Court would allow you to withdraw your guilty

9    plea.

10    You also have the right to file a post-sentence

11    motion within ten days of sentence, challenging the

12    validity of your plea of guilty.  For instance, you

13    could assert the plea was not intelligently or

14    voluntarily made by you.

15    You could, within ten days following

16    sentencing, file a motion challenging the

17    jurisdiction of the Court or assert the

18    ineffectiveness of your trial counsel or assert that

19    your sentence is illegal.  You also have the right

20    to file a motion to modify your sentence within ten

21    days from today.

22    For those of you who did not plead guilty but

23    had a trial, in addition to your right to move to

24    modify the sentence, you have the right to file a

25    motion for judgment of acquittal and a motion for

3

15

1    new trial within ten days of sentencing.

2        You should understand that issues raised before

3    or during trial shall be deemed preserved for appeal

4    whether or not you elect to file post-sentence

5    motions.

6        If you file post-sentence motions, the Court

7    may schedule a time to file briefs within ten days.

8    The judge must decide the post-sentence motion

9    within 120 days of filing the motion, but may grant

10   one extension of thirty days. If the judge fails to

11   decide the matter within 120 days of filing -- or

12   150 days with extension granted -- the motion will

13   be deemed denied as a matter of law.

14       If your post-sentence motion is denied, you

15   have the right to appeal the Sentence Order to the

16   Pennsylvania Superior Court.  Your right to appeal

17   to the Pennsylvania Superior Court expires thirty

18   days after the date of sentencing or thirty days

19   after the Court files an Order resolving your

20   post-sentence motion, if you have filed a

21   post-sentence motion within ten days following

22   sentencing.

23       If you file post-sentence motions or take an

24   appeal, you have a right to counsel.  If you cannot

25   afford counsel, counsel will be appointed for you.

4

16

1    The counsel you presently have will continue to

2    represent you in filing your post-sentence motion if

3    that counsel is court appointed.  However, you must

4    inform counsel and discuss with counsel your desire

5    that post-sentence motions be filed.

6        If the Court should rule favorably on your

7    post-sentence motion, depending upon the nature of

8    the relief sought, the sentence could be set aside

9    or your guilty plea could be set aside and you could

10   be granted a new trial, as would be appropriate.  If

11   the Court refuses your motion, as we have heretofore

12   stated, your appeal lies with the Pennsylvania

13   Superior Court. In any event, the appeal to the

14   Pennsylvania Superior Court must be filed within

15   thirty days either from the date of the sentence or

16   thirty days from the date the Court acts finally on

17   your post-sentence motion, whichever is later.

18       If you intend to appeal the Sentence Order to

19   the Superior Court, it is possible to remain on bail

20   pending appeal, but your counsel must discuss this

21   topic with the Court during the sentence hearing.

22       You are advised that if you have other offenses

23   pending within Venango County, you may want to

24   discuss the other offenses with your defense

25   attorney before you appear before the Court for

*17*

1    sentencing.    Sentences frequently run concurrently.

2    It may be in your best interests to have those other

3    charges disposed of before you are sentenced on the

4    present charges.

5         You are advised that if you were on parole at

6    the time you committed the offenses for which you

7    are being sentenced today, you may, as a matter of

8    course, because of the sentence imposed today, be

9    recommitted as a parole violator and ordered to

10   serve the remainder of the term that you would have

11   been required to serve had you not been paroled.    In

12   that event, your street time may be taken and you

13   would be given no credit for the time while you were

14   at liberty on parole.

15        In the course of the sentence hearing today,

16   you have the right to call witnesses and present

17   other information to the Court relative to your

18   sentence.    You may make a statement and your counsel

19   may make a statement.    The information should be

20   related to your character, your physical and mental

21   condition, or anything that extenuates or mitigates

22   the circumstances relating to the offense which is

23   the subject of this sentence hearing. You have the

24   right to point out any inaccuracies of fact or

25   erroneous conclusions that may exist in the

6

18

1   presentence or other reports that the Court has and

2   is considering for purposes of your sentence.

3   Your fines, costs, and restitution are payable

4   right away.  In the event they are not paid within

5   thirty days of the date of the sentence, you are

6   subject to being cited for contempt for failure to

7   pay fines, costs, and restitution.  If you believe

8   you do not have the capacity to pay your fines,

9   costs, and restitution right away, you should meet

10  with the Collections Coordinator, whose office is on

11  the third floor of the Courthouse Annex, Room 321,

12  and work out an extended payment agreement.  If you

13  have not entered into an extended payment agreement

14  or paid the fines, costs, and restitution within

15  thirty days of the date of sentence, or within 48

16  hours of the date of release on parole, you will be

17  subject to revocation of parole or contempt.

18  Thank you.  You may be seated.

19  (Whereupon the cases were called individually

20  for sentencing.  The within case was called at

21  4:24 p.m., at which time the Defendant

22  approached the bar with counsel and sentencing

23  proceeded as follows:)

24  MR. GROSSI: Commonwealth versus Edward McNatt.

25  THE COURT: Let the record show that the Defendant,

7

19

1    Edward J. McNatt, appears with counsel, Blair

2    Hindman.

3        I've advised you of your legal rights.  Did you

4    understand those rights?

5    THE DEFENDANT: Yes.

6        THE COURT: Do you have any questions you would

7        like to ask me?

8    THE DEFENDANT: No, Your Honor.

9        THE COURT: Do you understand how you may present

10       evidence at this sentencing hearing?

11   THE DEFENDANT: Yes, sir.

12       THE COURT: Mr. Hindman, have you had an

13   opportunity to review the presentence investigation

14   report with your client?

15   MR. HINDMAN:  Your Honor, we didn't have a

16   presentence investigation.  We did had have a rap

17   sheet, which I reviewed and discussed with District

18   Attorney Grossi.

19       THE COURT: That's right.  I believe Mr. McNatt

20   indicated at the time of his guilty plea that he had

21   a presentence investigation report from another

22   county and he would be furnishing that.

23   MR. HINDMAN:  That's correct.

24   THE COURT: I believe that was checked into and

25   there is no PSI in that other county.

8

20

1    MR. HINDMAN:  I think he did get a chance to look

2    at it in the other county, and we called up and

3    didn't have any luck getting that faxed to our

4    office.  They, of course, would not give it to Mr.

5    McNatt, so we were not able to --

6    THE DEFENDANT: The counselor at Houtzdale, she

7    said it had to be a Court Order; it had to be

8    Court Ordered in order for her to send it.

9    THE COURT: All right.  We're going to proceed on

10   the basis of this rap sheet today.

11   MR. HINDMAN:  Yes, Your Honor.

12   THE COURT: Guidelines and ranges?

13   MR. GROSSI: Yes, Your Honor.

14   The Defendant at CR No. 182 of 1998 pleaded

15   guilty to Forgery, a Felony of the Third Degree.

16   That carries with it an Offense Gravity Score of

17   three.  The Defendant's Prior Record Score is five.

18   Standard range sentence is --

19   THE COURT: I have R-Fel.

20   MR. GROSSI: Umm, that very well -- that could be

21   the case, Your Honor. I -- repeat felon?

22   THE COURT: The Court has R-Fel for Prior Record

23   Score.  There's no -- I believe it yields a standard

24   range of twelve to eighteen; aggravated would be

25   plus three; and the mitigated would be minus three.

9

21

1    I believe that's true of the other case, CR 183 of

2    1998.

3      MR. GROSSI: Well, the Defendant -- I don't know.

4    I suppose so.

5        There's, like, six or seven prior forgery

6    convictions, some of them are showing Felonies of

7    the Second Degree.  If that's so, then it probably

8    would be R-Fel.

9      MR. HINDMAN:  Your Honor, we agreed that it was

10   five beforehand, but we had some difficulty with the

11   rap sheet.

12     THE COURT: All right.  Does the Commonwealth agree

13   that it's five?

14     MR. GROSSI: The Commonwealth would stipulate that

15   it's five.

16     THE COURT: All right.  Which yields standard range

17   sentences of --

18     MR. GROSSI: Six to sixteen months; aggravated

19   range, sixteen to nineteen months; mitigated range

20   sentence of three to six months.

21       Okay. The Defendant also pleaded guilty at CR

22   183 of 1998 to Count Number 5, Theft by Deception, a

23   Misdemeanor of the First Degree, which, once again,

24   is an Offense Gravity Score of three, Prior Record

25   Score of five, would be a standard range sentence of

10

1   six to sixteen months; sixteen to nineteen months in

2   the aggravated range; and three to six months in the

3   mitigated range.

4       Commonwealth has agreed to nol-pros the

5   remaining counts.

6       The Defendant agrees to pay restitution on all

7   five checks, including a $20 charge on each check.

8       There is a victim impact statement from Henry

9   Stricek, and he is seeking restitution at CR 183 of

10  1998 of $853.15.

11      At CR 182 of 1998, the -- the amount of

12  restitution would be $159.17.

13    THE COURT: And that's --

14    MR. GROSSI: And that's -- the victim in that case

15  is William and Frances Reese.

16    THE COURT: I'm sorry.  William --

17    MR. GROSSI: William and Frances, F-R-A-N-C-E-S,

18  Reese.

19    THE COURT: Thank you.

20    MR. GROSSI: R-E-E-S-E.

21      The Defendant -- I believe the Defendant is

22  currently serving a -- a state sentence on similar

23  charges.  The Defendant, obviously, has an

24  incredibly long history of doing just what he's

25  being sentenced here on, which is Forgery and

23

1       passing checks that have been forged, and

2       Commonwealth recommends that any sentence given here

3       would run consecutive to what he's now serving.

4         THE COURT: Thank you.

5          Mr. McNatt, you have an opportunity to make a

6       statement.

7        MR. HINDMAN:  Your Honor, before -- I think Mr.

8       McNatt wants to make a statement later.  I'd like to

9       say a few things.

10        The other charges Mr. McNatt plead guilty to in

11      Lackawanna County is the same charges we're talking

12      about here today; very similar charges I should say:

13      Forgery, Theft by Deception, et cetera.  All these

14      things occurred within a two to three week period,

15      Your Honor.

16        Basically, Mr. McNatt was writing bad checks

17      and/or signing names to the checks that were not

18      his.  He accepts --

19       THE COURT: Those are the problems he has in

20      Lackawanna County.

21       MR. HINDMAN:  These --

22       THE COURT: The other ones have accumulated over a

23      lifetime.

24       MR. HINDMAN:  These occurred several times in the

25      past and he's not denying that.

1    I want to bring to the Court's attention those

2    charges happened in a very short period of time.

3    He's sentenced to two years two months to a six year

4    maximum, and has been incarcerated in the state

5    penitentiary since, I believe, mid-July of last

6    year, 1997.

7    Your Honor, I think the charges here should be

8    run concurrently, and I would also ask the Court to

9    consider running these charges concurrently with the

10   sentence he received in Lackawanna County because it

11   was such a short period of time. Basically, he did

12   do the acts.  He forged his name on the checks and

13   crossed county lines.  That's the only reason why

14   the charges were brought in two different counties.

15   Mr. McNatt has spoken to me on a few occasions

16   and he has taken responsibility for what he's done.

17   He doesn't say it was somebody else's fault.

18   It wasn't, you know, I had a bad big brother or I

19   had a rough upbringing.  He has taken responsibility

20   for his actions.

21   THE COURT: Made restitution?

22   MR. HINDMAN:  He has made some restitution, I

23   believe, but he's been -- it's been minimal because

24   of his incarceration, Your Honor.  He hasn't had the

25   opportunity to work.

13

1    Since you brought that up, Your Honor, he

2    agrees with those amounts.

3    THE COURT: That's at CR 183, $853.15.

4    THE DEFENDANT:  (Nods head affirmatively.)

5    THE COURT: To Henry Stricek --

6    MR. HINDMAN:  And the $159-and-some-odd-cents.

7    I'm not sure what it was.

8    THE COURT: $159.17, William and Frances Reese, CR

9    182 of 1998.

10    MR. HINDMAN:  Yes.  He agrees to that.

11    Since he's been incarcerated, he's made some

12    changes in his life.  He has taken business classes.

13    I believe he's trying to work towards some type of

14    degree.  And he's been a model inmate, and I think

15    that should give some credit to what he's trying to

16    do.

17    And I believe he did want to make some type of

18    short statement.

19    THE DEFENDANT: Yes, Your Honor.

20    First thing, I'm sorry for what I

21    done, not only for the crime but for the hurt

22    and pain I've caused the victim.

23    Since being incarcerated for the

24    past fifteen months, I finally passed my test

25    for my business degree; pre-test anyway.  Next

14

1    month I will be taking that test.

2          Not only that, Your Honor, I brought

3    programs in the prison since I've been there.

4    I run my own Christian counseling program in

5    the jail.

6          I'm trying do everything, not to

7    prove to anybody else, I'm sorry, but to prove

8    to myself that I needed to change.

9          That's what I'd like to say, Your

10   Honor.

11        THE COURT: All right.  Thank you.

12        Anything further?

13   (No response.)

14        THE COURT: At CR 183 of 1998, the SENTENCE AND

15      ORDER OF THE COURT on Count Number 5 is as follows:

16        AND NOW, October 20, 1998, THE SENTENCE AND

17      ORDER OF COURT is that you, Edward J. McNatt,

18      Defendant, pay the costs of prosecution, all other

19      costs, pay a fine of $300, and undergo imprisonment

20      in a state institution of the Department of

21      Corrections for an indefinite term, the minimum of

22      which shall be sixteen months, the maximum of which

23      shall be sixty months, to be computed from today's

24      date, there to be kept, fed, clothed, and treated as

25      the law directs, and stand committed to the Western

                         15

Diagnostic and Classification Center, Allegheny

County, Pennsylvania, for compliance with the within

sentence.

The Defendant shall make full restitution to

the Clerk of Courts of Venango County for the use of

Henry Stricek in the amount of $853.15.

THE SENTENCE AND ORDER OF COURT at CR No. 182

of 1998, is as follows:

AND NOW, October 20, 1998, THE SENTENCE AND

ORDER OF COURT is that you, Edward J. McNatt,

Defendant, pay the costs of prosecution, all other

costs, pay a fine of $300, and undergo an

imprisonment in a state institution of the

Department of Corrections for an indefinite term,

the minimum of which shall be sixteen months, the

maximum of which shall be eighty-four months, to be

computed from the expiration of the sentence imposed

at CR 183 of 1998, there to be kept, fed, clothed,

and treated as the law directs, and stand committed

to the Western Diagnostic and Classification Center,

Allegheny County, Pennsylvania, for compliance with

the within sentence.

The Defendant shall make full restitution to

the Clerk of Courts of Venango County for the use of

William and Frances Reese in the amount of $159.17.

16

28

1    The sentence imposed herein shall run

2  consecutively to the sentence imposed at CR No. 183

3  of 1998.

4    The total period of confinement imposed by the

5  sentences is thirty-two months to one hundred

6  forty-four months.

7    Mr. McNatt, we've considered the information in

8  the presentence investigation report, your whopping

9  criminal record.  Apparently you've made a career

10  out of this type of behavior.  Obviously, you've

11  come to the end of the line as a forger and a person

12  who wants to engage in deception and fraud.

13    We impose this sentence because any lesser

14  sentence would depreciate the seriousness of these

15  crimes and because of your lengthy prior criminal

16  record.

17  (Whereupon this case concluded at 4:39 p.m.)

18

19

20

21

22

23

24

25

17

29

CERTIFICATION

I hereby certify that the proceedings
and evidence contained herein are a full and
accurate transcription of the stenographic
notes of testimony taken by me on the hearing
of these proceedings, and that it is a full
and complete transcribed record of same.


*Melissa R. Keating*

Melissa R. Keating, RPR
Official Court Reporter

30

ORDER OF COURT

The foregoing record of the proceedings upon the hearing of the above cause, having been transcribed pursuant to the Rules of Judicial Administration, are hereby approved and directed to be filed.

_____
OLIVER J. LOBAUGH, Judge

19

*31*