

*Exhibit 22*

**DC-198**
Rev. 7-01

## MOTION FOR POST CONVICTION COLLATERAL RELIEF

| COMMONWEALTH OF PENNSYLVANIA VS | COURT AND DOCKET NUMBERS |
|---|---|
| EDWARD JOSEPH MCNATT | |
| **(Name of Defendant)** | To be filled in by Clerk of Court |

*(stamp:)* FILED COMMON PLEAS COURT VENANGO COUNTY, PA 2004 JUL 14 A 49 PEGGY L. MILLER PROTHONOTARY AND CLERK OF COURT

NOTE: List below those informations or indictments & offenses for which you have not completed your sentence.

**INFORMATION OR INDICTMENT NUMBERS:**

CR 183/1998; and CR 182/1998

---

**I WAS CONVICTED OF THE FOLLOWING CRIMES:**

FORGERY

THEFT BY DECEPTION

---

DISTRICT ATTORNEY'S COPY                    1

49

**1. MY NAME IS:**

EDWARD JOSEPH MCNATT

**2. I AM NOW**

(a) ☐ On Parole    (b) ☐ On Probation    (c) ☒ Confined in SCI HOUTZDALE

(d) ☐ Residing at _____

**3.**

I WAS SENTENCED ON Octobers 28 , 1998 TO A TOTAL TERM

OF 2yr. 8mo to 12yrs , COMMENCING ON 10-28 , 1998 BY

JUDGE(S) OLIVER J. LOBAUGH

FOLLOWING A:    ☐ Trial by jury    ☒ Plea of Guilty

☐ Trial by a judge without a jury    ☐ Plea of nolo contendere

I am    ☒ Serving    ☐ Waiting to serve    The Sentence Imposed

**4. I AM ELIGIBLE FOR RELIEF BECAUSE OF:**

☒ (I)    A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

☒ (II)    Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

☒ (III)    A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

☐ (IV)    The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

☐ (V)    The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

☒ (VI)    The imposition of a sentence greater than the lawful maximum.

☐ (VII)    A proceeding in a tribunal without jurisdiction.

50

**5. THE FACTS IN SUPPORT OF THE ALLEGED ERROR(S) UPON WHICH THIS MOTION IS BASED ARE AS FOLLOWS:** (State facts clearly and fully; argument, citations, or discussions of authorities shall not be included.)

(A) I know the following facts to be true of my own personal knowledge:

I WAS SENTENCED IN AN AGGRAVATED RANGE IN THE SENTENCING GUIDELINES, WHICH WERE DECLARED UNCONSTITUTIONAL.

MY PLEA WAS NOT ENTERED INTO KNOWINGLY AND WILLINGLY.

COUNSEL WAS INEFFECTIVE FOR NOT EXPLAINING THE GUIDELINES I (COULD)/ WAS GOING TO BE SENTENCED UNDER AFTER TAKING THE PLEA.

(B) The following facts were made known to me by means other than my own personal knowledge (Explain how and by whom you are informed):

I WAS INFORMED BY THE UNITED STATES SUPREME COURT.

(C) In the event my appeal is allowed as requested under #4, the following are the matters which I intend to assert on that appeal (Specify the matters to be asserted if appeal is allowed)

AGGRAVATED SENTENCE WAS ILLEGAL—

PLEA AGREEMENT WAS NOT SIGNED, KNOWINGLY AND WILLINGLY—

COUNSEL WAS INEFFECTIVE—

(I wish to have this P.C.R.A. left open for amendment(s)).

51

**8. FOLLOWING MY ARREST, I WAS REPRESENTED BY THE FOLLOWING LAWYER(S): (Give the lawyer's name and the proceeding at which he/she represented you.)**

Public Defender's Office - Venango County

**9. I PREVIOUSLY CHALLENGED MY CONVICTION IN THE FOLLOWING COURTS:**

| Court | Caption | Term Number | Attorney | Relief Requested |
|-------|---------|-------------|----------|------------------|
|       |         |             |          |                  |

**10. THE ISSUES WHICH I HAVE RAISED IN THIS MOTION HAVE NOT BEEN PREVIOUSLY LITIGATED OR ONE OF THE FOLLOWING APPLIES:**

☒ (I)  The allegation of error has not been waived.

☐ (II)  If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmation of sentence of an innocent individual.

The failure to litigate this issue(s) prior to or during trial or on direct appeal could not have been the result of any rational, strategic, or tactical decision by counsel.

**11. BECAUSE OF THE FOREGOING REASONS, THE RELIEF WHICH I DESIRE IS:**

(A) ☒  Release from custody and discharge

(B) ☐  A new trial

(C) ☒  Correction of Sentence

(D) ☐  Other Relief (Specify): _____

DISTRICT ATTORNEY'S COPY                    4

52

12. I request an evidentiary hearing.  I certify, subject to the penalties for unsworn falsification to authorities set forth at 18 Pa.C.S. § 4904, that the following persons will testify to the matters stated. I have attached to this petition all documents material to the witness' testimony.

Witness Name: _____

Witness Address: _____

Witness Date of Birth: _____

Witness Testimony: _____

_____

_____

_____

Witness Name: _____

Witness Address: _____

Witness Date of Birth: _____

Witness Testimony: _____

_____

_____

_____

Witness Name: _____

Witness Address: _____

Witness Date of Birth: _____

Witness Testimony: _____

_____

_____

_____

Witness Name: _____

Witness Address: _____

Witness Date of Birth: _____

Witness Testimony: _____

_____

_____

_____

13. Based upon the exceptional circumstances set forth below, I request that the District Attorney produce the following documents:

TRANSCRIPTS OF PLEA NEGOTIATIONS –

TRANSCRIPTS OF PLEA AGREEMENT –

TRANSCRIPTS OF THE PLEA AGREEMENT SENTENCING –

DISTRICT ATTORNEY'S COPY                    5

53

**14. I ask that the Court consider the following argument, citation and discussion of authorities:**

BLAKELY V. WASHINGTON          (SEE ATTACHED)

U.S. v. KELLER, 58 F.3d 884, 893 (2d Cir. 1995)

APPRENDI V. NEW JERSEY

U.S. SUPREME COURT RULED THAT ANY SENTENCE WHICH INCREASES THE PENALTIES FOR PUNISHMENT, MUST BE DECIDED BY A JURY. THIS INCLUDES PLEA BARGAINS.

U.S. SUPREME COURT RULED THAT IT IS "UNCONSTITUTIONAL" FOR A JUDGE TO SENTENCE A PERSON TO AN AGGREVATED SENTENCE, ONLY A JURY CAN DECLARE AN AGGREVATED SENTENCE.

**15.**

(A) I am ☐ ABLE      ☒ NOT ABLE to pay the cost of this proceeding.

I have $ 40.00 _____ in my prison account.

(B) My other financial resources are:

NONE

**16. (A)** ☒ I do not have a lawyer and I am without financial resources or otherwise unable to obtain a lawyer.

(1) ☒ I request the court to appoint a lawyer to represent me.

(2) ☐ I do not want a lawyer to represent me.

(B) ☐ I am represented by a lawyer. (Give name and address of your lawyer.)

_____

_____

*Edward Joseph McNett*
(Signature of Defendant)

DISTRICT ATTORNEY'S COPY                    6

54

14. I ASK THAT THE COURT CONSIDER THE FOLLOWING ARGUMENT, CITATION AND DISCUSSION OF AUTHORITIES:

THIS NEW INFORMATION, IF WOULD OF BEEN AVAILABLE AT THE TIME OF SENTENCING, WOULD OF LEAD TO A SENTENCE THAT CONFORMED TO THE LEGAL GUIDELINES ALLOWED BY THE COURTS, AND THE CONSTITUTION.

AN ILLEGAL SENTENCE OR BREACH OF PLEA AGREEMENT HAS NO TIME BAR FOR APPEAL AND THIS NEW INFORMATION CAME TO LIGHT WITHIN THE PAST 2 WEEKS.

BOTH CHARGES RESULTED FROM 1 ACT BUT I WAS GIVEN CONSECUTIVE SENTENCES THAT EXCEEDED THE MAXIMUM SENTENCE ALLOWED.

(notified)
I was never informed by anyone, i.e. Judge, District Attorney, or my Attorney, that my past felonies were going to be used against me in order to sentence me in the aggrevated guide lines, as is required by law.

I was assured by my counsel that appeals would be filed regarding my consecutive sentences but my counsel never filed any motions and my own motions were declared " time-barred."

6

55

## UNSWORN DECLARATION

I, EDWARD JOSEPH MCNATT   do hereby verify that

the facts set forth in the above motion are true and correct

to the best of my personal knowledge or information and

belief, and that any false statements herein are made sub-

ject to the penalties of Section 4904 of the Crimes Code

(18 Pa. C.S. § 4904), relating to unsworn falsification to

authorities.

No Notary
Required

*Edward Joseph McNatt*
(Signature of Defendant)

7

DISTRICT ATTORNEY'S COPY

56

| COMMONWEALTH OF PENNSYLVANIA | IN THE CRIMINAL COURTS OF THE COUNTY OF |
|---|---|

COMMONWEALTH OF PENNSYLVANIA

VS

EDWARD JOSEPH McNATT
**(Name of Defendant)**

IN THE CRIMINAL COURTS OF THE COUNTY OF

_____ VENANGO _____

Criminal
Action No._____ of _____ 2 _____

## ORDER

AND NOW this_____ day of _____ , 2 _____ Upon consideration of the foregoing motion:

1. ☐  The motion is returned to defendant for amendment as follows, such amendment to be made on or before

_____ , 2 _____

2. ☐  A rule is granted upon the Commonwealth of Pennsylvania to show cause why a hearing should not be granted. The

rule is returnable on or before _____ 2 _____

3. ☐  The request to proceed as a poor person, without the payment to costs, is      ☐ granted      ☐ denied.

4. ☐  Upon finding that defendant is unable to obtain a lawyer _____ Esq., is
appointed to represent him/her.

5. ☐  The Clerk of Court is ordered and directed to do the following forthwith:

(a)  To serve a copy of this motion and this order upon the District Attorney of _____ County.

(b)  To send a copy of this motion and this order to_____ Esq., the lawyer for the defendant.

(c)  To send a copy of this order to the defendant.

6. ☐

DISTRICT ATTORNEY'S COPY                8

*57*



IN THE COURT OF COMMON PLEAS
VENANGO COUNTY, PENNSYLVANIA

Exhibit 23

COMMONWEALTH OF PENNSYLVANIA         : Criminal Division
                                     : CP183/1998; CP182/1998
              v.                      :
                                     :
EDWARD J. MCNATT                      :
         Petitioner.                  :

FILED
COMMON PLEAS COURT
VENANGO COUNTY, PA

2004 JUL 22  A  9: 49

PEGGY L. MILLER
PROTHONOTARY AND
CLERK OF COURTS

PETITIONERS AMENDMENT IN SUPPORT OF PCRA
BY: EDWARD J. MCNATT
Pro se Petitioner.
DL-6772
P.O. Box 1000
Houtzdale, PA 16698

58

## TABLE OF CONTENTS

I.   BRIEF STATEMENT OF THE FACTS                                                    1

II.  BRIEF STATEMENT OF FACTS AND ARGUMENT FOR ALLOWANCE TO FILE AMENDMENT TO        2
PCRA NUNC PRO TUNC

III. STANDARD APPLICABLE TO INEFFECTIVE ASSISTANCE OF COUNSEL ARGUMENT FOR           3
FAILURE TO FILE APPEAL

IV.  BRIEF STATEMENT OF FACTS AND ARGUMENT OF ILLEGAL AND EXCESSIVE SENTENCE         5

V.   RELIEF REQUESTED                                                               10

## PETITIONERS LIST OF EXHIBITS IN SUPPORT OF PCRA AMENDMENT

NOTE: EXHIBITS WILL BE PRODUCED UPON RECEIVING REPORTS FROM LACKAWANNA COUNTY
AND VENANGO COUNTY.

59

IN THE COURT OF COMMON PLEAS
VENANGO COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA    : Criminal Division
FILED
COMMON PLEAS COURT              : CP183/1998; CP182/1998
VENANGO COUNTY, PA              :
    v.                          :
2004 JUL 22  A 9: 50           :
EDWARD J. MCNATT               :
    Petitioner.                :
PEGGY L. MILLER
CLERK OF COURTS

### PETITION FOR AMENDMENT FOR POST CONVICTION RELIEF NUNC PRO TUNC

**AND NOW,** comes petitioner, Edward J. McNatt, acting pro se, and files this
Petition for Amendment for Post Conviction Relief (PCRA, 42 Pa.C.S. §§
9541-9546) nunc pro tunc, and in support thereof submits the following:


### BRIEF STATEMENT OF FACTS AND PROCEDURAL HISTORY


Petitioner respectfully submits that in October, 1998 was sentenced in the
Venango County Courts on the Charge of Forgery and Theft by Deception with the
crime codes set forth at the above captioned criminal docket number.

He submits that the honorable court appointed a public defender as counsel
of the record and did retain this position throughout the sentencing
proceedings.

He submits that Honorable Judge Oliver J. Lobaugh was the presiding Judge in
the case and in October, 1998 Petitioner appeared before him and under advice
of Counsel, he entered a plea of Guilty to the charges of Forgery and Theft by
Deception from same charge.

He submits that the plea agreement subjected him to be sentenced to a term
of Two (2) years Eight (8) months to Twelve (12) years incarceration. The Two
(2) charges ran consecutive to one another which lead to the total sentence of
Twelve (12) years.

60

He submits that the Effective Date was set for October, 1998 and the Expiration of Minimum was/has been set for October, 2001 and the Expiration of the Maximum state incarceration has been set at October, 2010.

### BRIEF STATEMENT OF THE FACTS AND ARGUMENT FOR ALLOWANCE TO
### FILE AMENDMENT TO PCRA NUNC PRO TUNC

Petitioner submits that on or about June, 1999 he forwarded a letter to attorney of the Record, and therein he kindly requested that he please file a Post Conviction Relief Act based upon an imposition of a Double Jeopardy sentence pursuant to the Pennsylvania Constitution in article 1, section 10 ("[n]o person shall, for the same offense, be twice put into jeopardy of life or limb.") and 42 Pa.C.S. §9543(a)(2)(ii) ineffective assistance of counsel due to his advise to accept such a plea for the crime of Forgery which was not committed in Venango County and in which Petitioner was convicted in Lackawanna for.

Petitioner submits that counsel advised him that "it did not matter where the Forgery's took place, the checks were still cashed in Venango County," and thus, refused to file any Motion on my behalf.

Petitioner submits that he attempted to file Motions in Venango County but was denied because he had counsel.

In response to this information petitioner wrote public defender and notified him that it did matter where the checks were forged was indeed, a charge petitioner should of never received and the fact that petitioner was charged with stealing the check book and forging the checks in Lackawanna before producing any in Venango County was clearly ineffective assistance of counsel.

Petitioner submits that he received no response from counsel after this notification and in response to such, petitioner submitted an institutional request slip to his unit counselor requesting a phone call to his attorney to inquire about his PCRA Petition as forementioned herein.

61

He submits that he was afforded the opportunity to make the call and on or about July, 2000, he spoke to the Public Defender's Office Secretary who informed him that his attorney was not available, however, his counsel was looking into the matter and would contact petitioner and forward him a letter what he found and explain the action, if any, the court would probably take, in considering any Petition.

Petitioner submits that although he was informed that counsel was looking into the matter, he learned that his counsel of the record did not in fact prepare or file any Motion and the statutory time afforded for such had expired.

<u>STANDARD APPLICABLE TO INEFFECTIVE ASSISTANCE OF COUNSEL</u>

To succeed on an ineffective assistance of counsel claim, a petitioner must establish that: (1) the claim of ineffective assistance of counsel has arguable merit; (2) the particular course of action chosen by counsel did not have reasonable basis designed to effectuate defendant's interests; and (3) the action chosen by counsel caused actual prejudice. **Strickland v Washington**, 466 U.S. 668 (1984); **Commonwealth v. Pierce**, 527 A.2d 973, 975-76 (Pa. 1987). Counsel cannot be found ineffective unless the defendant shows that "in light of all of the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it." **Commonwealth v Dunbar**, 470 A.2d 74, 77 (Pa. 1983) (quoting **Commonwealth v. Miller**, 431 A.2d 233 (Pa. 1981).

Finally, in order to establish prejudice, defendant must demonstrate that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. Douglas**, 645 A.2d 226, 230 (1994).

<u>ARGUMENT</u>

In the instant case, petitioner submits that he diligently attempted to have his attorney of the record to file an appeal in his case based upon the imposition of Double Jeopardy and counsels ineffective assistance wherein he advised petitioner to agree to charges that were not committed in Venango County and was charged with in Lackawanna County despite the fact that petitioner would not of been charged and sentenced for Forgery.

62

Petitioner submits that although his attorney of record would "look into the matter," and advise him if an appeal was warranted and would file in a timely manner, if warranted, he did not and such chosen action by counsel did not have a basis designed to effectuate petitioners interests.

The issue of whether a claim for relief based upon counselor's failure to file an appeal meets the prejudice requirements of Section 9543(a)(2)(ii), may be addressed by direct reference to **Strickland, supra.** Indeed, this approach is particularly useful here, since the application of Strickland in this setting is well developed federal jurisprudence.

The Strickland decision itself expressly acknowledges that actual or constructive denial of the assistance of counsel falls within a narrow category of circumstances which prejudice is presumed. Id. 466 U.S. at 692, 104 S.Ct. at 2067.

Since the failure to file or perfect a requested appeal is the functional equivalent of having no representation at all, see **Evitts**, 469 U.S. at 396-97, 105 S.Ct. at 836 (noting that the failure to file an appeal "essentially waived respondent's opportunity to make a case on the merits"). Strickland, on its own terms, establishes the right to relief.

Additionally, since Article V, Section 9 of the Pennsylvania Constitution guarantees an appeal as a right, see **Commonwealth v. Wilkerson**, 490 Pa. 296, 299, 416 A.2d 477, 479 (1980), a failure to file or perfect an appeal results in a denial so fundamental as to constitute prejudice per se. See generally **Canales v. Roe**, 151 F.3d 1226, 1229-30 (9th Cir. 1998) (stating that "[i]t appears that every federal court of appeals to address some form of a rule of presumed prejudice where counsel fails to file an appeal).

On June 24, 2004 the U.S. Supreme Court issued a sentencing reform in **Blakely v. Washington** and applied its ruling retroactively. Under 42 Pa. C.S

63

§9545(b)(1)(iii) petitioner would be permitted to circumvent the One year statute of the PCRA when such retroactive decisions have been made by the U.S. Supreme Court and PA Supreme Court, i.e., 60 days of the date the claim could have been made. Also see, **Commonwealth v. Ellison**, PICS Case No. 04-0878 (Pa. Super. June 3, 2004)(Kline, J.; Montemuro, S.J. concurring) an ineffective assistance of counsel claim premised on a counsels failure to file an appeal); **Commonwealth v. Liebel**, 825 A.2d 630 (Pa. 2003).

The Pennsylvania double jeopardy provision in article 1, section 10 provides that "[n]o person shall, for the same offense, be twice put into jeopardy of life or limb." The Fifth Amendment to the United States Constitution similarly provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Prior to the United States Supreme Court's decision in **Oregon v. Kennedy**, 456 U.S. 667, 102 S.Ct. 2083 (1982), this Court followed federal law in recognizing two types of prosecutorial misconduct that would implicate double jeopardy principles. See **United States v. Dinitz**, 424 U.S. 600, 611, 96 S.Ct. 1075, 1081 (1976); and **Lee v. United States**, 432 U.S. 23, 32, 97 S.Ct. 2141, 2147 (1977). It signals the breakdown of the integrity of the judicial proceeding, and represents the type of prosecutorial tactic which the double jeopardy clause was designed to protect against. **Commonwealth v. Starks**, 490 Pa. 336, 341, 416 A.2d 498, 500 (1980).

### BRIEF STATEMENT OF FACTS AND ARGUMENT IN SUPPORT OF
### DOUBLE JEOPARDY AND INEFFECTIVE COUNSEL

Petitioner respectfully submits that he did unlawfully take a check book belonging to Francis and William Reese residing in Lackawanna County.

Petitioner submits that he did forge the checks (all) in Lackawanna County.

Petitioner submits that he did knowingly and intentionally submit said forged checks in Venango County for merchandise.

64

Petitioner submits that the checks were forged in Lackawanna County and not Venango County as charged by Venango County.

Petitioner submits that he was arrested, charged and sentenced by Lackawanna County for the theft of said checks as well as the forgery of those checks.

Petitioner submits that the charge(s) of Forgery in Venango County are without merit and thus, is a double jeopardy violation against petitioner.

Petitioner submits that he was coerced into accepting a guilty plea by counsel due to petitioner's lack of knowledge of the law.

Petitioner submits that he was given a 1½ to 7 year sentence for a crime he did not commit in Venango County.

Petitioner submits that he did produce "bad checks" in Venango County but did not forge any checks is said County.

Petitioner submits that he did commit theft by deception by producing said checks to businesses throughout Venango County for merchandise.

Petitioner respectfully submits that this double jeopardy sentence is in violation of the Pennsylvania Constitution in article 1, section 10 and moreover, in light of the U.S. Supreme Court ruling in **Jeffers v. U.S.**, 432 U.S. 137, 155 (1977).

In **Commonwealth v. West**, 485 A.2d 490, 493 (Pa. Super 1984) the Court ruled that "a guilty plea is presumed to be valid; the burden of showing that it was involuntary is on the accused." In the instant case, petitioner's attorney basically did cause the entry of an involuntary plea, in fact, petitioners attempts to portray counsel as ineffective and bring such facts to the attention of the courts are well documented in the litany of Pro se motions requesting relief due to the acts or omissions set forth herein.

Petitioner submits that he filed at least Four (4) such Motions as well as a

65

Motion for Reconsideration of such motions when counsel continued to disregard petitioners interests despite being notified.

Petitioner submits that when he talked to his attorney, his counsel informed him that it did not matter where the checks were forged because they were issued in Venango County.

Petitioner submits that his counsel informed him that if he did not plea to the forgery, he would be looking at a 30 year sentence. Petitioner submits that counsel deliberately lied to him in order to get the case over with. Attorney stated to Petitioner that "the D.A. said that you should just take the plea agreement because you would still be convicted of forgery.

Counsel will not be deemed ineffective for pursuing a strategy, as long as the course chosen was reasonable, see Commonwealth v. Laird, 726 A.2d 346, 357 (Pa. 1999). In the instant case, petitioner certainly did not benefit by pleading to a crime in which he did not commit in Venango County and was clearly prejudiced by such and in the light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen to do such. See Commonwealth v. Dunbar, 470 A.2d 74, 77 (Pa. 1983)(quoting Commonwealth v. Miller, 431 A.2d 233, 234 (Pa. 1981).

Respectfully Submitted,

Edward J. McRatt

DATE: July 20, 2004

66

IN THE COURT OF COMMON PLEAS
VENANGO COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     : Criminal Division
                                   : CP183/1998; CP182/1998
              v.               :
                                     :
EDWARD J. MCNATT,                :
      Petitioner.              :

### AFFIDAVIT OF EDWARD J. MCNATT-PETITIONER

  **AND NOW**, comes Petitioner, Edward J. McNatt, hereby affirming under and declaring under penalty of perjury that the set forth Affidavit is true and correct and in support submits the following:

  1. In October, 1998, petitioner was sentenced to the crime codes set forth at the above criminal docket numbers.

  2. Due to my financial status the Court appointed counsel of the record and he had this position throughout the plea agreement and sentencing.

  3. Prior to and during the proceedings, counsel refused to assist petitioner in effectuating a defense in his case, refused to visit or contact petitioner to discuss what defense strategies, if any, he would take in preparing for pre-trial motions and for trial, inter alia and refused to investigate the fact that I was already sentenced to the forgery charges in Lackawanna County.

  4. After multiple attempts at resolving these issues with counsel, my attempts were fruitless and therefore I appealed to the Courts via, letters and thereafter Pro se Motions, explaining in detail counselors act and or omissions with regard to my case.

  5. All motions filed pro se were returned to petitioner because it was stated, he had counsel.

67

6. Prior to plea negotiations, petitioner informed counsel that none of the checks were forged in Venango County but, counsel informed petitioner that "it did not matter because they were issued to businesses in Venango County."

7. Instead of notifying me of what trial strategies, if any, he had prepared, he confronted me with a plea bargain containing a forgery charge which had never occurred in Venango County. Petitioner was told by counsel that if he did not accept the plea bargain that he would be found guilty by a jury and sentenced to 30 years.

8. Counsel informed petitioner that, by taking the plea bargain, he would only receive a maximum sentence of 5 years total on both charges and that they would be run concurrently.

9. Counsel informed me that I should just take the plea bargain because the D.A. said that "you should just take the plea agreement because I would still be convicted of forgery."

10. In essence, counsel caused me to enter a guilty plea involuntarily, under ineffective advise, subjecting me to be sentenced to a period of incarceration for a charge that I was already sentenced on.

11. I submit that my attempts to adequately portray counsel as ineffective and that a clear conflict of genuine interests are well documented in the Court Records and the acts or omissions by counsel served no legitimate interest to me and certainly, in light of all the alternatives which were available to counsel, no competent attorney would have advised petitioner to take a sentence which was clearly illegal. I certainly did not benefit from such 'advise'.

Respectfully Submitted,

Edward J. McNatt

DATE: July 20, 2004

-9-

68

## RELIEF REQUESTED

Petitioner respectfully requests that this Honorable Court **GRANT** petitioners PCRA and dismiss the forgery charges against him. Petitioner has no objection to a Re-sentence to Time Served and released from incarceration.

Respectfully Submitted,

*Edward J. McNatt*

Signed and submitted this 20 day of July, 2004.

-10-

*69*

24

*Exhibit 24*

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS OF
                              : VENANGO COUNTY, PENNSYLVANIA
          vs.            :
                                :
EDWARD JOSEPH McNATT,      :
    DEFENDANT           : CR 182 and 183 - 1998

## ORDER OF COURT

AND NOW, this 28th day of July 2004, the court has for consideration the defendant's *pro se* "Motion for Post Conviction Collateral Relief". Therefore it is Ordered and Decreed that:

1.      It appearing that defendant is indigent and unable to obtain counsel and the defendant is requesting the court to appoint counsel, WILLIAM CISEK, Esquire, is hereby appointed to represent the defendant in this proceeding.

2.      The Clerk of Courts is directed to immediately:

    a) Send a copy of the Petition and the Order to the District Attorney and to WILLIAM CISEK, Esquire.

    b) Send a copy of this Order to the defendant.

3.      WILLIAM CISEK, Esquire is hereby directed to review the file in this case and review such records as he determines appropriate and then amend the pleadings if he is able to do so to set forth with particularity why this case should not be dismissed by the court as failing to be timely filed.

70

4.     The court will not act further on the proceeding and not grant any further relief in this proceeding such as ordering transcripts until the court is persuaded by pleading that the case is not subject to dismissal for being untimely filed.

BY THE COURT,

OLIVER J. LOBAUGH, Judge

cc:  Edward J. McNatt, DL-7334, P.O. Box 1000, Houtzdale, PA 16698
     District Attorney
     Public Defender
     William Cisek, Esquire

HWW/pjg

71