25

9-30-04, copy to:
William Cisek, Esq.

Edward J. McNatt
Inst. No. DL-6772
P.O. Box 1000
Houtzdale, PA 16698

Honorable Judge Lobaugh
c/o Judge's Chambers
Venango County Courthouse
Franklin, PA 16323

RE: CR 182; CR 183 1998

Honorable Judge Lobaugh:

    I have just got off of the phone with the Attorney that you issued me, for my PCRA (William Cisek, Esq.), and he informed me that you are probably going to dismiss my PCRA as being untimely filed.

    Sir, in all due respect, I did not forge any check in Venango County and I made this known to the Public Defender, Mr. Hindman, prior to any plea. Mr. Hindman told me that it did not matter where the check was forged because of the fact it was issued in Venango County, it constituted a forgery. This new attorney you gave me for my PCRA is agreeing with this. It does matter where the check(s) were forged. Also, the fact that I was on mind altering medication, I did not willingly or knowingly enter any plea. A new PA. Supreme Court ruling, Commonwealth v. Cruz, declares that, mental incompetence qualifies as after discovered evidence and circumvents the 1 year limitation to file a PCRA. I sent the case to my attorney within the 60 days I have to file on this. I asked him to add it to my PCRA. He told me that he has not filed anything yet. Your Honor, those 60 days are just about up.

    Judge Lobaugh, all I am asking for is to have the forgery removed from my sentence and be resentenced to time served on the theft by deception and released from incarceration. There is evidence that proves that I forged those checks somewhere other than Venango County. I have already served 6 years of the 12 year sentence that you gave me. I am not asking for anything more than my freedom.

    After you sentenced me, I told Mr. Hindman that I wanted him to appeal the plea and you told him that he had 10 days in which to appeal. He filed nothing on my behalf.

    Your Honor, I am now free of all medication and have dealt with all of the issues which has caused me to behave in a manner which was against the law. I

12

have a son out there who is now 7 years old and I have not even held him once. I know that I should not of committed any crime anywhere and I am truly sorry for the hurt and pain I have caused others. All I want to do is reunite with my son and his mother and work hard so that I will be the productive member of society that I now know I can be. I do have a good job when I get out and I fully intent to finish paying off the balance I owe for the checks I submitted in your county.

   Sir, all I am asking for is a hearing on the matter of the forgery as soon as possible.

   Thank you for your time and concern on this matter. I look forward to hearing from you soon.

                                        Respectfully Submitted,

                                        *Edward J. McRatt*

C.C: inmate file

Dated this 24 day of September 2004.

                                        *Edward J. McRatt*

73

IN THE COMMONWEALTH PLEAS COURT OF
VENANGO COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA       :
                                   :
Vs.                                :   CP182/1998 & CP183/1998
                                   :
EDWARD JOSEPH MCNATT,              :
    Petitioner.                    :



Exhibit 25 b

PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE, JUDGE OLIVER J. LOBAUGH OF VENANGO COUNTY, PENNSYLVANIA

Petitioner, pro se, requests this Court to issue a Writ of Habeas Corpus, and represents:

1. Respondent, George Patrick, is Superintendent of the State Correctional Institute of Houtzdale, and has custody of petitioner.

2. Respondent, Commonwealth of Pennsylvania, County of Venango, has caused petitioner's detention, as he is being confined on the basis of the sentence petitioner received.

3. Petitioner was arrested in 1998, and was charged with forgery, theft by deception, and related charges.

4. On October 20, 1998, petitioner unlawfully and unknowingly plead guilty to one (1) count of forgery and one (1) count of theft by deception before the Honorable Judge, Oliver J. Lobaugh.

5. The Commonwealth of Pennsylvania chose to ignore that petitioner was undergoing extensive psychiatric treatment and experimental mind altering medications and could not of knowingly, intentionally, or willingly enter into a plea when petitioner is absolutely innocent of any forgery charge in Venango County and the separate alleged theft by deception charge having occurred, according to the prosecutor, while petitioner was incarcerated in the Lackawanna County Prison.

6. This Court should grant the petitioner a Writ of Habeas Corpus, and order petitioner's release from custody, for each of the following reasons:

(A) Plea was unlawfully induced when petitioner was threatened with a thirty (30) year sentence if he did not accept the plea;

(B) Petitioner, under the influence of psychiatric medication which was an experimental phase of his treatment, could not of knowingly, willingly or intentionally entered into any plea;

(C) Petitioner was sentenced on forgery which was a double jeopardy violation due to the fact that he was already charged and convicted of forgery for all of the checks in the checkbook, in Lackawanna County;

(D) Prosecutor deliberately changed the offense date of the theft by deception so that petitioner would receive separate dockets and thus, multiple sentences. Offense date could not of been a typed error due to the fact that petitioner received multiple sentences;

(E) The charges were one single criminal episode stemming from the Lackawanna County incident and not separated by any lawful behavior;

(F) The offense date of which petitioner was charged, is the same date as the checks in Lackawanna County;

(G) Offense date of the theft by deception charge, as recorded by the prosecutor, made it impossible for petitioner to commit because petitioner was already incarcerated prior to that date;

(H) Counsel for petitioner (Blair Hindman), lead petitioner to believe that, it did not matter what County the checks were forged in, the fact that the checks were issued in Venango County, constituted forgery, was a total miscarriage of justice and a violation of Due Process of Law under the Pennsylvania and United States Constitution and warrants reversal;

(I) Petitioner's counsel, withholding factual information of petitioner's innocence of forgery and the fact that petitioner was already convicted of the forgery's, was a total miscarriage of justice and undermined the truth determining process;

75

(J) Due to the fact the crime was a single criminal episode stemming from the Lackawanna County incident as proven by the date of issue on the check(s), Venango County was absolutely barred from prosecuting petitioner for forgery. Jurisdiction belonged to Lackawanna County;

(K) Due Process, prosecutorial misconduct, illegal sentence and an unlawfully induced plea, are all issues that are not time-barred under any circumstances;

(L) Under the Rules of Criminal Procedure of Pennsylvania, this Court has the authority to correct an illegal sentence or charge;

(M) Counsel's failure to file a post-conviction motion on petitioner's behalf as ordered by Honorable Judge, Oliver J. Lobaugh, denied petitioner his fundamental right to effective assistance of counsel;

(N) Due Process of Law under the Pennsylvania and United States Constitution would be offended by the fundamentally unfair result of the unlawfully induced plea, prosecutorial misconduct and petitioner's guaranteed right not to be twice placed in jeopardy of life or limb, if petitioner is not granted a hearing;

7. This case is of immediate significant widespread importance because petitioner is being imprisoned illegally and the evidence is likely to grant petitioner the relief requested.

WHEREFORE, this Honorable Court is requested to issue a Writ of Habeas Corpus and discharge petitioner from custody.

Dated this 7th day of October 2004.

Respectfully Submitted,

*Edward Joseph McNatt*
Edward Joseph McNatt
Inst. No. DL-6772
P.O. Box 1000
Houtzdale, PA 16698

76

IN THE COMMONWEALTH PLEAS COURT OF
VENANGO COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     :
                                 :
    Vs.                          :
                                 : CP182/1998 & CP183/1998
EDWARD JOSEPH MCNATT,            :
    Petitioner.                  :

APPLICATION FOR IMMEDIATE HEARING ON
THE PENDING PETITION FOR WRIT OF
HABEAS CORPUS

TO THE HONORABLE, JUDGE OLIVER J. LOBAUGH OF VENANGO COUNTY, PENNSYLVANIA:

Petitioner, Edward Joseph McNatt, pro se, moves for an immediate hearing on his pending Petition for Writ of Habeas Corpus, and represents:

1. Petitioner has an appeal pending before this Court from his judgment of sentence for forgery and theft by deception.

2. Petitioner has filed a Petition for Writ of Habeas Corpus with this Court seeking relief from, illegal sentence, double jeopardy, prosecutorial misconduct, ineffective assistance of counsel, and unlawfully induced plea when petitioner is absolutely innocent of any forgery charge in Venango County and has been already charged and convicted of the forgery's of all the checks, in Lackawanna County.

3. Petitioner has filed a Petition for Writ of Habeas Corpus with this Court seeking relief from the sentence of theft by deception where, as the prosecutor noted on record, happened while petitioner was already incarcerated on the forgery charges in Lackawanna County and could not of committed the offense sentenced too.

4. Because of the extraordinary circumstances, an immediate hearing is necessary on the Petition for Writ of Habeas Corpus.

Dated this 7th day of October 2004.

Respectfully Submitted,

*Edward Joseph McNatt*
Edward Joseph McNatt
Inst. No. DL-6772

77

26



**RECEIVED OCT 28 2004 DISTRICT ATTORNEY**

*Exhibit 26*

## Supreme Court of Pennsylvania
### Western District

John A. Vaskov, Esq.
Deputy Prothonotary

Patricia A. Nicola
Chief Clerk

October 27, 2004

801 City-County Building
Pittsburgh, PA 15219
412-565-2816
www.aopc.org

Marie T. Veon, Esq.
Venango County District Attorney's Office
1168 Liberty Street
Franklin, PA 16323

RE:    Commonwealth v. Edward Joseph McNatt, Pet
**No. 77 WM 2004**
Venango County Court of Common Pleas
Agency/Trial Court Docket Number:    CR182-1998
CR183-1998

Intermediate Court Docket Number:

Dear Attorney Veon:

This is to advise that the below listed item(s) was/were received in the above-captioned matter.

Application for Leave to File Original Process
Petition for Writ of Habeas Corpus

An original and eight (8) copies of either the Brief in Opposition, or a letter stating that a Brief in Opposition will not be filed, is required to be filed within fourteen (14) days after service. An additional three (3) days may be added if service was effectuated by mail. See Rule Pa.R.A.P. 121(e).

Very truly yours,

Office of the Prothonotary

/dad

cc:    Mr. Edward Joseph McNatt
The Honorable Oliver J. Lobaugh
Judge

78

27

Dear Mrs. Veon:

    Find enclosed, your copy of my Application For Leave To File Original Process.

    Mrs. Veon, I am well aware that you were not the Prosecuting Attorney at my sentencing but, I was ordered by the Supreme Court to sent it to you. At the time of my sentencing, Mr. Robert Grossi was the Prosecuting Attorney.

    I must apologize to you for this but, I have tried to resolve these issues in your County but I got nowhere. Please know that I do not, in any way, hold you responsible for the actions caused by my then, Public Defender, Blair Hindman and the Prosecutor, Robert Grossi.

    Thank you for your time on this matter.

                                                        Respectfully Submitted,

                                                        *Edward Joseph McNatt*
                                                        Edward Joseph McNatt

c.c: inmate file



RECEIVED OCT 2 7 2004 DISTRICT ATTORNEY

79

IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

EDWARD JOSEPH MCNATT
Petitioner

v.

VENANGO COUNTY DIST. ATTORNEY'S OFFICE,
Respondent

## APPLICATION FOR LEAVE TO FILE ORIGINAL PROCESS

In accordance with Pennsylvania Rules of Appellate Procedure, Rule 3307, Edward Joseph McNatt, pro se petitioner in the above-captioned matter, requests this Court to invoke its "Original Jurisdiction" pursuant to the Judicial Code (42 Pa.C.S. §721, §726).

GROUNDS FOR RELIEF:

1. Petitioner was sentenced on a double jeopardy violation when he was again charged with forgery, after being charged and convicted of the forgery's in Lackawanna County;

2. Petitioner was already incarcerated when the alleged charges on Docket 183-1998, occurred, (Aug. 6, 1997). Petitioner was incarcerated in the Lackawanna County Prison from July 20, 1997 to the present;

3. Petitioner, under the influence of mind altering medications, which the Court was aware of, was not competent to agree to any plea and would not of plead guilty to any crime(s) in which he is innocent or in which he was already convicted of, had he been competent;

4. Petitioner's counsel, Blair Hindman and the Prosecutor, Robert Grossi, deliberately withheld from the court, the fact that petitioner was already charged and convicted of forgery of all the checks in the checkbook, as part of his plea agreement with Lackawann County;

5. Date of the submitted checks in Venango County on Docket 182-1998 is the same date as the checks issued in Lackawanna County, which was clearly a single criminal episode, not separated by any lawful behavior;

6. Counsel refusing to file plea appeal on petitioner's behalf as ordered by the Courts, lead to petitioner losing his appellate rights;

7. Counsel refusing to recuse himself as requested, by petitioner, lead to petitioner not being able to file any appeals on his own behalf;

8. Counsel and Prosecutor threatening petitioner with thirty (30) years incarceration, if he did not plead guilty, lead to a plea that was unlawfully induced;

9. Counsel and Courts refusing petitioner to view the charges and evidence against him was a miscarriage of justice and did not allow petitioner the ability to argue any innocence;

10. Specific offense date(s) can be found on the date the check(s) were submitted in Venango County, and can not be altered/changed by the Court in order to pursue multiple sentences or criminal dockets;

11. Petitioner's right to effective assistance of counsel was violated when counsel withheld evidence of petitioner's absolute innocence of docket 183-1998; and

12. Petitioner's counsel on pending PCRA in Venango County told him that his PCRA is going to be denied as being untimely filed and petitioner's only relief is through this Court.

RELIEF SOUGHT:

1. Dismiss the charge of forgery on Docket 182-1998, and re-sentence petitioner to time served on the theft by deception on that same docket;

2. Remove Docket 183-1998 from petitioner's criminal record and return all monies paid on Act 84 of that docket;

3. Immediately release petitioner from incarceration; and

4. Any and all just relief this Court deems appropriate.

*Edward Joseph McNatt*
Signature

*October 24, 2004*
Date

Edward Joseph McNatt, Pro Se
Inst. No. DL-6772
P.O. Box 1000
Houtzdale, PA 16698

81

28

Edward Joseph McNatt
Inst. No. DL-6772
P.O. Box 1000
Houtzdale, PA 16698



Exhibit 28a

Dear Ms. Veon:

Find enclosed a copy of my MOTION FOR NOMINAL BAIL PENDING APPEAL which has been filed in the Pennsylvania Supreme Court.

This Proof of Service satisfies the requirements of Pa.R.A.P. 121.

DATED: November 12, 2004

*Edward Joseph McNatt*

82

IN THE SUPREME COURT OF PENNSYLVANIA

Exhibit 28b

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : No. 77 WM 2004 |
| Vs. | : Trial Ct. Dkt. No. CR182-1998 & CR183-1998 |
| EDWARD JOSEPH MCNATT, Petitioner. | : |

MOTION FOR NOMINAL BAIL PENDING APPEAL

TO THE HONORABLE JUDGES OF THE SUPREME COURT:

Petitioner, Edward Joseph McNatt, pro se, hereby moves for nominal bail pending appeal, and represents:

1. Petitioner was sentenced to a term of imprisonment of one (1) year, four (4) months to seven (7) years on docket number CR182-1998 and a consecutive term of one (1) year, four (4) months to five (5) years on docket number CR183-1998 on October 20, 1998. This motion is filed pursuant to Rule 4010(B), Pa.R.Crim.P., which permits post-sentencing bail pending appeal.

2. Petitioner had been in custody on the instant case for a period of approximately six (6) years.

3. Petitioner, who is thirty-five (35) years old, had resided with his fiance continually until being incarcerated in Lackawanna County, Pennsylvania.

4. Petitioner believes that the appeal filed in this Court is meritorious and that there is a reasonal probability that his judgement of sentence will be reversed. See Habeas Corpus filed in this Court.

5. Due to petitioner's health (cancer), he is unable to receive any treatment while incarcerated and his condition continues to worsen.

6. During the time petitioner was not in custody before he was sentenced on the instant offense or related offenses in Lackawanna County, petitioner was neither convicted nor charged with any act dangerous to the community.

83

7. Petitioner has never had any bail revoked.

8. Petitioner has meaningful employment if nominal bail is granted.

9. Petitioner is incarcerated and without the funds to cover the cost of this proceeding.

Respectfully Submitted,

DATED: Nov. 12, 2004

*Edward Joseph McNatt*
Petitioner, pro se

84