29



# Office of the District Attorney

Marie T. Veon
District Attorney

Exhibit 29

Venango County Courthouse
Franklin, Pennsylvania 16323

814/432-9598
FAX 814/437-6721

November 12, 2004

Mr. Charles W. Johns
Prothonotary
The Supreme Court of Pennsylvania
801 City-County Building
Pittsburgh, PA 15219-2463

    RE:    Commonwealth of Pennsylvania vs. Edward Joseph McNatt, Petitioner
            No. 77 WM 2004
            Trial Court Docket Number:  CR 182-1998
                                            CR 183-1998

Dear Mr. Johns:

In accordance with Pa. R. A. P. 1116, notice is hereby provided that the Commonwealth will not file a brief in opposition to Petitioner's Application to Leave to File Original Process and Petitioner's Writ of Habeas Corpus.

On October 12, 2004, Edward Joseph McNatt filed a Petition for Writ of Habeas Corpus for CR 182-1998 and CR 183-1998 in the Court of Common Pleas of Venango County, Pennsylvania. In addition, on July 28, 2004, by Order of Court, the Honorable Oliver J. Lobaugh of Venango County Court of Common Pleas appointed William Cisek, Esq. to represent the defendant in the proceedings of Motion for Post Conviction Collateral Relief. Attorney Cisek by court order was to review the file in cases 182 and 183 to determine whether pleadings are appropriate or whether to amend such pleadings to determine whether the cases should be dismissed by the court for failing to be timely filed.

85

November 12, 2004
Page 2

To date, amended pleadings have not been filed by defendant and an evidentiary hearing has not taken place at the Common Pleas level on the Motion for Post Conviction Collateral Relief. Also, on October 12, 2004, the defendant filed for Habeas Corpus Relief in the Courts of Common Pleas in Venango County. Therefore, given that Mr. McNatt has an open PCRA case pending and a Writ of Habeas Corpus pending at the Common Pleas level, Mr. McNatt's filings with the Supreme Court of Pennsylvania are premature and should be dismissed.

It should also be noted that no filings have been received by the District Attorney's Office in Venango County from Mr. McNatt for the Writ of Habeas Corpus, which was filed with the Supreme Court of Pennsylvania. However, a letter was received on October 27, 2004 by the District Attorney's Office from Mr. McNatt regarding his Application for Leave to File Original Process to the Supreme Court of Pennsylvania.

Respectfully Submitted,

Maria Battista Kerle
Assistant District Attorney

cc: Edward Jospeh McNatt

86



30

IN THE SUPREME COURT OF PENNSYLVANIA
SUPREME COURT DOCKET No. 77 WM 2004



COMMONWEALTH OF PENNSYLVANIA
Appellee

v.

EDWARD JOSEPH MCNATT
Appellant

MOTION TO DISMISS COMMONWEALTH'S FILING
AS UNTIMELY AND REQUEST FOR RELIEF

TO THE HONORABLE JUDGES OF THE SUPREME COURT:

NOW COMES, Petitioner, Edward Joseph McNatt, pro se, and files this Motion to Dismiss and Request for Relief and submits:

1. This Honorable Court, on October 27, 2004, gave Marie T. Veon, Esq., fourteen (14) days after service of order, to file a Brief in Opposition or a letter stating that a Brief in Opposition will not be filed. An additional three (3) days would be added if service was effectuated by mail.

2. Petitioner, as well as the Commonwealth received service on October 29, 2004 which gave the Commonwealth until November 12, to file and until November 15, 2004 in which this Honorable Court was to receive said filing(s).

3. Petitioner submits that no Request for Extension was filed by the Commonwealth.

4. On November 15, 2004, the Commonwealth received a phone call from "Daryl", an employee from this Honorable Court regarding the filing of the Brief in Opposition or the letter stating that no Brief in Opposition would be filed on the above entitled case number.

5. On November 15, 2004, three (3) days after the fourteenth day given in which to file and on the last day in which this Honorable Court was to receive the filing(s), the Commonwealth mailed a filing which was after the total time allotted and should be dismissed as untimely filed.

87

6. Petitioner submits that he is being prejudiced by the phone call made to the Commonwealth by an employee of the Supreme Court after this Honorable Court had already issued an order. Petitioner believes that, if this phone call was not made to the Commonwealth, the Commonwealth would of not filed anything. It is very clear that the Commonwealth did not file in the time allotted by this Honorable Court. See Exhibit "A".

7. Petitioner submits that the Commonwealth's arguments AFTER stating that they were not filing a Brief in Opposition should be dismissed as being prejudicial to petitioner.

8. Petitioner submits that the so-called Habeas Corpus filed in the Commonwealth was never filed and that petitioner's P.C.R.A. counsel verbally stated that he was not going to file petitioner's Habeas Corpus and Motion for Immediate Hearing.

9. Petitioner submits that on October 14, 2004, after being told by P.C.R.A. counsel, William Cisek, Esq., that he was not going to file his Habeas Corpus, petitioner filed a complaint with the Disciplinary Board of the Supreme Court regarding counsels refusal to file his Habeas Corpus, Motion for Immediate Hearing, and refusing to do ANYTHING in regards to the P.C.R.A. filed in the Commonwealth Court. (File Reference No. C4-04-1199).

10. Petitioner submits that when he attempted to file his Habeas Corpus and Motion for Immediate Hearing, he specifically notified the Clerk of Courts that he was not asking for counsel and wanted to proceed pro se.

11. Petitioner submits that he did not receive any time stamped copy as requested and that the Clerk of Court sent petitioner's Habeas Corpus and Motion for Immediate Hearing to his P.C.R.A. Counsel.

12. Petitioner submits that he did send a copy of his Habeas Corpus filed in this Honorable Court, to the Clerk of Court, in the Care Of the District Attorney's Office in Venango County.

13. Petitioner submits, although he has a pending P.C.R.A. in the Commonwealth Court, an issue of immediate public importance does justify assumption of plenary jurisdiction under 42 Pa.C.S. §726 (extraordinary jurisdiction).

88

14. The fact that Petitioner is being held illegally with no hope of receiving justice in the near future is a total miscarriage of justice and petitioner's Request for Application for Leave to File Original Process and his Petition for Writ of Habeas Corpus are valid filings in this Honorable Court.

WHEREFORE, Petitioner requests this Honorable Court to deny the Commonwealth's letter as "untimely filed" and GRANT Petitioner the relief requested on his Habeas Corpus filed in this Honorable Court.

DATED: November 19, 2004.

Respectfully Submitted,

*Edward J. McNatt*
Edward J. McNatt,
Petitioner, pro se

c.c Maria Battista Kerle, Asst. D.A.

89

EXHIBIT "A"

Marie T. Veon
District Attorney



# Office of the District Attorney

Venango County Courthouse
Franklin, Pennsylvania 16323

814/432-9598
FAX 814/437-6721

November 15, 2004

Attn: Daryl
The Supreme Court of Pennsylvania
801 City-County Building
Pittsburgh, PA  15219-2463

      RE:    Commonwealth of Pennsylvania vs. Edward Joseph McNatt, Petitioner
             No.  77 WM 2004
             Trial Court Docket Number:  CR 182-1998
                                         CR 183-1998

Dear Daryl:

Pursuant to our telephone conversation on this date, I am mailing the documents which are to be filed by today, November 15, 2004 with the enclosed 3817 form stamped.  Should you have any questions, please do not hesitate to contact me.   Also enclosed is a copy of the filings to be time-stamped. Could you please kindly time stamp the same and return in the self-addressed stamped envelope.

Respectfully Submitted,

Maria Battista Kerle
Assistant District Attorney

cc:  Edward Jospeh McNatt

9b

PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the person and in the manner indicated below which service satisfies the requirements of PA.R.A.P. 121:

Service by first class mail addressed as follows:

Maria Battista Kerle, Esq.
Assistant District Attorney
Venango County Courthouse
Franklin, PA 16323

Dated: November 19, 2004

*Edward Joseph McNatt*
Edward Joseph McNatt
Inst. No. DL-6772
P.O. Box 1000
Houtzdale, PA 16698

91

31


Exhibit 31




SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

JOHN A. VASKOV, ESQUIRE
DEPUTY PROTHONOTARY

PATRICIA A. NICOLA
CHIEF CLERK

801 CITY-COUNTY BUILDING
PITTSBURGH, PA 15219-2463
(412) 565-2816
www.aopc.org

November 23, 2004

Mr. Edward Joseph McNatt
DL-6772
P.O. Box 1000
Houtzdale, PA 16698

Re:   Commonwealth v. Edward Joseph McNatt
      No. 77 WM 2004

Dear Mr. McNatt:

We are returning herewith the original and all copies of your "Motion for Nominal Bail Pending Appeal," received in our office on November 15, 2004, because it is not an appropriate filing. The matter pending at No. 77 WM 2004 is an Application for Leave to File Original Process/Petition for Writ of Habeas Corpus. Habeas corpus is an extraordinary remedy that is neither an appeal nor a substitute for appeal. There is no basis for seeking bail in connection with a habeas corpus petition.

Very truly yours,


Office of the Prothonotary


cc:   Marie T. Veon, Esq.

92

32


*William Cisek, Esq.*

IN THE COMMON PLEAS COURT IN
VENANGO COUNTY PENNSYLVANIA

NOV 2 2004

*Exhibit 32*

RE: REQUEST TO PROCEED PRO SE

Petitioner, Edward Joseph McNatt, requests this Honorable Court to dismiss William Cisek, Esq., as PCRA counsel and submits the following:

1. Petitioner submits that he has a pending PCRA in this court.

2. Petitioner submits that Honorable Judge Lobaugh issued William Cisek, Esq., as PCRA counsel.

3. Petitioner submits that on July 28, 2004, petitioner's counsel was ordered to show cause why, petitioner's PCRA should not be dismissed as being untimely filed.

4. Petitioner submits that four (4) months has elapsed and counsel has done nothing in regards to showing cause why his PCRA should not be dismissed as being untimely filed.

5. Petitioner submits that he has sent information in order to aid his counsel in showing cause and he has not filed anything in his behalf.

6. Petitioner's records from Lackawanna County and his mental health records are important evidence in his case and even though he informed counsel, counsel did not make any attempt to obtain these records.

7. Counsel, after being told that petitioner has been convicted of a crime in which he is absolutely innocent, did nothing to amend his PCRA to reflect these issues.

8. Counsel has been ineffective and has not responded to the many letters sent to him by petitioner.

9. Counsels failure to do anything to help petitioner is ineffective assistance and denies petitioner access to this Honorable Court.

WHEREFORE, petitioner respectfully requests that William Cisek, Esq., be removed as PCRA counsel and petitioner be allowed to proceed pro se and amend his PCRA.

Respectfully Submitted,

*Edward Joseph McNatt*

Edward Joseph McNatt
Inst. No. DL-6772
P.O. Box 1000
Houtzdale, PA 16698

NAME EDWARD MCNATT
NUMBER DL 6772
P.O. BOX 1000
HOUTZDALE PA 16698-1000

PA Dept of Corrections
Inmate Mail




02 1A
0004332067   NOV
MAILED FROM ZIP COD

HONORABLE OLIVER J. LOBAUGH
C/O CLERK OF COURT
VENANGO COUNTY COURTHOUSE
FRANKLIN, PA 16323

Inmate Mail
PA Department of Corrections

16323/1252

95

33

SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

JOHN A. VASKOV, ESQUIRE
DEPUTY PROTHONOTARY

PATRICIA A. NICOLA
CHIEF CLERK

801 CITY-COUNTY BUILDING
PITTSBURGH, PA 15219-2463
(412) 565-2816
www.aopc.org

RECEIVED DEC 9 2004 DISTRICT ATTORNEY

December 6, 2004

Mr. Edward Joseph McNatt
DL-6772
P.O. Box 1000
Houtzdale, PA 16698

Re:   Commonwealth v. Edward Joseph McNatt
      No. 77 WM 2004

Dear Mr. McNatt:

After review, we have filed your document titled "Motion to Dismiss Commonwealth's Filing as Untimely and Request for Relief," received in our office on November 23, 2004, as an answer to the Commonwealth's response. Please note, however, that the assertions contained in paragraphs 4 through 6 are based on an improper assumption regarding the telephone contact between the District Attorney's office and this office. Specifically, the call was not initiated in this office by Daryl or anyone else. Rather, the District Attorney's office called to advise that the response had been mailed that day along with a postal form 3817 certificate of mailing. The response then arrived the next day with the 3817 form, and was docketed with the date reflected on the form as the filing date. Although the appellate rules providing for the use of form 3817 to establish the date of mailing as the filing date specifically mention only initiating documents, such as notices of appeal, petitions for review, and petitions for allowance of appeal, it is our practice to accept them in like manner for responsive pleadings.

Very truly yours,

Office of the Prothonotary

cc:   Maria Battista Kerle, Esq.

96

34

# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

COMMONWEALTH OF PENNSYLVANIA,  :  No. 77 WM 2004

Respondent

v.

EDWARD JOSEPH MCNATT,

Petitioner

## ORDER

**PER CURIAM**

**AND NOW**, this 21st day of January, 2005, the Application for Leave to File Original Process is granted. The Petition for Writ of Habeas Corpus, Application for Immediate Hearing, and Motion to Dismiss Commonwealth's Filing as Untimely and Request for Relief are denied.

A True Copy Patricia Nicola
As of: January 21, 2005
Attest: *[signature]*
Chief Clerk
Supreme Court of Pennsylvania

97