40

*Exhibit 40*

FILED
COMMON PLEAS COURT
VENANGO COUNTY

2005 MAY -4 : A 10: 21

PEGGY L... VISCO
PROTHONOTARY AND
CLERK OF COURTS

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS OF
                                : VENANGO COUNTY, PENNSYLVANIA
        vs.                     :
                                :
EDWARD J. MCNATT,               : Criminal Division
        Defendant               : CR. No. 182 and 183-1998

OPINION OF COURT

We have for consideration the pro se Motions filed by the defendant, Edward McNatt in the nature of a Petition for Writ of Habeas Corpus, Application for Immediate Hearing Pending Writ of Habeas Corpus and a Petition for Appeal. The Court is faced with deciding whether to schedule a hearing and consider the merits of the defendant's motions or to disregard the motions without a hearing on the merits. Without consideration of the merits of these motions, the defendant's motions are dismissed.

The Defendant previously filed a Petition for Post Conviction Collateral Relief and Attorney William Cisek was appointed to represent him on that Petition. The Court would note that the Post Conviction Collateral Relief Act, under these circumstances, is purposely stated to be in lieu of Petitions for Habeas Corpus and that the same issues raised and relief requested by the Defendant in his pro se Motions are available to him in his pending P.C.C.R.A. Petition, regarding which he is represented by counsel.

The Court additionally reasons that allowing a defendant to file pro se motions while being represented by counsel creates confusion and at times, inconsistent approaches or strategies in defenses available to the defendant. This would also create an undue burden upon the Court in attempting to decide which motions to consider, in what order should the motions be addressed, and if the motions are

1

109

frivolous, are sanctions available and to whom are they chargeable. It is difficult for defense counsel to plan defense strategies if the defendant is allowed to file pro se motions, unchecked and without consideration of whether it is without merit or inconsistent with defense strategies.

The Pennsylvania Constitution affords a defendant, in a criminal prosecution, the right to an attorney. Pa. Const. Art. 1 §9. The United States Constitution also provides this same right. U.S.C. Const. Amend. 6. The United States Supreme Court has interpreted this right to include a right to self-representation in a state criminal trial. Faretta vs. California, 422 U.S. 806 (1975). However, in order to exercise this right of self-representation, the defendant must render an expressed knowing and intelligent waiver of his right to counsel. Id. See also, Pa. Rule of Criminal Procedure, 318, and Commonwealth vs. Davis, 479 Pa. 274, 388 A.2d 324 (1978). A defendant in a criminal case, therefore, clearly has the right to self-representation in a state criminal matter, which includes the filing of pro se motions.

The United States Constitution and the Pennsylvania Constitution give the right to a defendant to be represented by counsel and also give the right to self-representation, however, this does not create a hybrid right whereby the defendant may be represented by counsel and also represent himself. The Superior Court, in Commonwealth vs. Williams, 270 Pa. Super. 27, 410 A.2d 880 (1979) in addressing the issue of hybrid representation stated: "There is . . . a distinction between the Constitutional right to proceed pro se pursuant to a valid waiver of a right to counsel and a right to proceed pro se and with counsel." Id. at 883. Relying on cases from other jurisdictions, the Superior Court held that a criminal defendant has no Sixth or Fourteenth Amendment right to act as co-counsel where he is already represented by

2

*110*

an attorney and that a decision to permit such hybrid representation is better left to the sound discretion of the trial court. Id. The United States District Court for the Eastern District of Pennsylvania, in Hall vs. Dorsey, 534 F.Supp. 507 (1982), while addressing a civil rights action, 42 U.S.C.A. §1983, brought by a defendant against an officer of the Delaware County Court of Common Pleas for refusing to accept pro se filings, dismissed the civil action holding there to be no right to "hybrid" representation. The Court, in reaching this conclusion, stated:

> Under Federal Law, a criminal defendant has the right to appear pro se or by counsel. This right is guaranteed both by the Constitution and by Statute. The Federal right, however, is disjunctive; a party may either represent himself or appear through an attorney. There is no right to "hybrid" representation - simultaneously pro se and by counsel.
>
> Pennsylvania law also gives the accused the right to counsel and the right to defend himself. Like the federally-created rights, these state rights have consistently been interpreted to be disjunctive. The accused has the right to be heard by himself; the accused has the right to be heard by his counsel; but not both.
>
> Thus, under both federal and state law, an accused who appears by counsel possess no right to proceed pro se.

Id. at 508-509 (Footnotes omitted). See also, Commonwealth v. Ellis, _____ Pa. _____, 626 A.2d 1137 (1993).

We conclude that a defendant represented by counsel has no right to "hybrid" representation, specifically representation simultaneously pro se and by counsel. As long as a defendant has counsel of record, this court will not consider any motions or filings done pro se unless the filing relates only to the issue of continued representation by present counsel of record.

*//1*

The defendant, in the instant action, has previously been represented by the Public Defender's Office of Venango County, and continues to be represented by appointed counsel, Attorney William Cisek. The defendant, having no right to hybrid representation, we will not consider any pro se motions filed by Defendant while represented by counsel.

For the foregoing reasons, the defendant's motions, in the nature of a Petition for Writ of Habeas Corpus, Application for Immediate Hearing Pending Writ of Habeas Corpus and a Petition for Appeal are hereby dismissed. The Defendant has also filed a Motion to Remove William Cisek, Esquire as counsel and a hearing thereon is hereby scheduled for _May 13, 2005, at 1:30 pm._

The District Court Administrator shall make arrangements to have the Defendant participate in said hearing by video conferencing.

May 03, 2005

SCI - Houtzdale
Video. Conf. No.
(814) 497. 1058
Contact: Doretta Chencharick

BY THE COURT,

Oliver J. Lobaugh, Judge

Cc:DA
William Cisek, Esquire
Edward McNatt - copy mailed: 05.03.05

4

112

41

*Exhibit 41*

In the Court of Common Pleas of Venango County, Pennsylvania
Criminal Division

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| vs. | : | |
| | : | |
| Edward McNatt, | : | C.R. No. 182 and 183-~~2005~~ 94 |
| Defendant. | : | |

### ORDER OF COURT

AND NOW, this **5th** day of May, 2005, the Motion to Continue filed in this matter by William Cisek, Esquire, is hereby GRANTED. The Motion to Remove William Cisek is hereby scheduled for the **19th** day of **May**, 2005, at **11:30 a.m.** The District Court Administrator shall make arrangements to have the Defendant participate via video conferencing. Attorney William Cisek shall inform the Defendant in writing that the hearing has been continued.

BY THE COURT,

_____
OLIVER J. LOBAUGH, JUDGE

CC: District Attorney
    William J. Cisek, Esquire
    **Ct. Crier**

Video. conf. no. (814) 497. 1058
Houtzdale (Donetta Chechanick)
        Fax: (814) 378. 1030

113

42

*Exhibit 42*

COMMONWEALTH OF PENNSYLVANIA     IN THE COURT OF COMMON PLEAS

vs.                                                          VENANGO COUNTY, PENNSYLVANIA

EDWARD J. MCNATT                              C.R. NO.   182 – 1998
                                                            C.R. NO.   183 - 1998

FILED
COMMON PLEAS COURT
VENANGO CO.
2005 MAY 23 P 12: 07
PEGGY L.
PROTHONOTARY
CLERK OF COURTS

## ORDER OF COURT

        AND NOW, May 19, 2005, the Court has for consideration the motion

to remove counsel in this matter filed *pro se* by the defendant, Edward J. McNatt.

The Court has conducted a hearing on the motion at which time the defendant

participated by video conferencing from SCI Houtzdale and also, the attorney for

the defendant, William Cisek, appeared and participated in the hearing as well.

Assistant District Attorney Maria Batista-Kerle appeared on behalf of the

Commonwealth.   The defendant had an opportunity to speak with his attorney, Mr.

Cisek, prior to the hearing and the defendant has stated that it is his desire at this

point to withdraw the motion to ~~withdraw~~ *remove* counsel and to allow Mr. Cisek to

continue to represent him in this matter.

        Therefore, the motion to remove counsel is hereby withdrawn.

                                        BY THE COURT,


                                        _____
                                        OLIVER J. LOBAUGH, Judge

Cc:     Court Recorder, ekr
        DA
        W. Cisek, Esquire

1

*114*

43

*Exhibit 43c*

**JUDGE'S CHAMBERS**
TWENTY - EIGHTH JUDICIAL DISTRICT OF PENNSYLVANIA
COUNTY OF VENANGO
FRANKLIN, PENNSYLVANIA 16323

OLIVER J. LOBAUGH
JUDGE

(814)432-9610
FAX (814)432-9615

June 30, 2005

Edward J. McNatt
DL-6772
P.O. Box 1000
Houtzdale, PA 16698

Dear Mr. McNatt:

This office has received your correspondence and Motion addressed to Judge Lobaugh on June 27, 2005. I have forwarded a copy of your correspondence and Motion to your counsel, William Cisek, Esquire, as well as the District Attorney. The Court is taking no action on your pro se filing at this time.

Sincerely,

Cynthia Orpen, Esquire
Law Clerk to the Honorable Oliver J. Lobaugh

Cc: file
DA
William Cisek, Esquire

115

JUN 27 200

Edward J. McGrath
DL-6772
P.O. Box 1000
Houtzdale, PA 16698

Exhibit 43b

Judge Oliver J. Lobaugh
Venango County Courthouse
Franklin, PA 16323

1837 (PB)

FILED
COMMON PLEAS COURT
VENANGO COUNTY, PA

· 2005 JUN 30  A 10: 49

PEGGY L. MILLER
CLERK OF COURTS

June 23, 2005

Honorable Judge Lobaugh:

Please find enclosed, my Amendment in Support of my PCRA, dated the 19th day of May, 2005. The reason I am sending this to you is because, on May 3, 2005, you dismissed my Petition for Writ of Habeas Corpus, without considering the merits of my case. It was denied due to "hybrid" representation. On page one (1) of your decision, you stated that I could raise the issues in the habeas corpus, on my PCRA. The issue of absolute innocence is not presented on my PCRA because I was not aware of this until, after I filed my PCRA.

Immediately following our video conference, I sent a copy of this Amendment to William Cisek, Esq. and asked him to add this enclosure to my PCRA and remove the original Amendment. Again, nothing has been done and my letters to him, have been ignored. This is denying me the opportunity to prove my innocence and is denying me access to the Court because I cannot file anything on my own behalf.

After talking to Mr. Cisek prior to the video conference hearing and during the hearing itself, I was under the assumption that he was going to represent me.

Your Honor, in all due respect, I am asking that you order this Amendment to be added to my PCRA. How can I have effective representation if counsel refuses to acknowledge letters and never discusses any strategies with me?

Sir, all I am looking for is justice and nothing more. I am trying to get this matter cleared up in your court. If the court would of been aware of all the facts, my maximum release date, justfully so, should of been October 20, 2003. I understand that you sentenced me on the information you were presented and was not aware of the D.A.'s malicious prosecution.

Your Honor, I humbly pray that this Court will order this Amendment to be added to my PCRA and an evidentiary hearing held at the earliest possible convenience.

Thank you for your time and concern on this matter. I look forward to hearing from you soon.

Respectfully Submitted,

*Edward J. McGrath*

C.C: U.S.DIST.CT
     FILE

10-29-05    CC: DA. W. Hairr

116

IN THE COURT OF COMMON PLEAS, VENANGO COUNTY
PENNSYLVANIA

JUN 27 2005

*Exhibit 43C*

COMMONWEALTH OF PENNSYLVANIA          : **Criminal Division**
                                      :
                V.                    :
                                      :
        EDWARD JOSEPH MCNATT          : **CP182–1998 & CP183–1998**

PETITIONERS AMENDMENT IN SUPPORT OF PCRA
BY: EDWARD JOSEPH MCNATT
Pro se Petitioner
DL-6772
P.O. Box 1000
Houtzdale, PA 16698

## <u>TABLE OF CONTENTS</u>

I. TABLE OF CITATIONS ........................................................ i

II. PROCEDURAL HISTORY ...................................................... 1

III. STATEMENT OF FACTS AND ARGUMENT FOR ALLOWANCE TO FILE AMENDMENT TO PCRA
NUNC PRO TUNC ........................................................... 2

IV. STANDARD APPLICABLE TO INEFFECTIVE ASSISTANCE OF COUNSEL ARGUMENT FOR
FAILURE TO FILE APPEAL .................................................. 4

V. STANDARD APPLICABLE TO PROSECUTORIAL MISCONDUCT ARGUMENT FOR WITHHOLDING
EVIDENCE OR MANIPULATING MANNER OF CHARGING ............................. 5

VI. BRIEF STATEMENT OF FACTS AND ARGUMENT OF ILLEGAL AND EXCESSIVE SENTENCE ... 5

VII. QUESTIONS PRESENTED FOR REVIEW ........................................ 6

VIII. RELIEF REQUESTED ..................................................... 8

118

TABLE OF CITATIONS

Commonwealth v. Anthony, 553 Pa. 55, 717 A.2d 1015, 1018 (1998)          4

Commonwealth v. Bracalielly, 540 Pa. 460, 658 A.2d 755, 760 (1995)          4

Commonwealth v. Calloway, 675 A.2d 743, 450 Pa.Super. 227, Super. 1996          4

Commonwealth v. Douglas, 645 A.2d 226, 230 (1994)          4,5

Commonwealth v. Dunbar, 470 A.2d 74, 77 (Pa. 1983)          4

Commonwealth v. Ellison, 651 MDA 2004 (June 3)          4

Commonwealth v. Hockenberry, 549 Pa. 527, 701 A.2d 1334, 1337 (1997)          4

Commonwealth v. Lanzy, 736 A.2d at 571–572          4

Commonwealth v. Liebel, 825 A.2d 630 (Pa. 2003)          4

Commonwealth v. McPhail, 692 A.2d 139, 547 Pa. 519 (1997)          4

Commonwealth v. Miller, 431 A.2d 233 (Pa. 1981)          4

Commonwealth v. Neidig, 340 Pa.Super. 217, 224, 489 A.2d 921, 924 (1985)          6

Commonwealth v. Pierce, 527 A.2d 973, 975–76 (Pa. 1987)          4

Commonwealth v. Walker, 468 Pa. 323, 362 A.2d 227 (1976)          6

Strickland v. Washington, 466 U.S. 668 (1994)          4

Article 1, Section 9 of the Pennsylvania Constitution          4

Article 1, Section 10 of the Pennsylvania Constitution          2

Article V, Section 9 of the Pennsylvania Constitution          4

Eighth Amendment of the United States Constitution          6

Rules of Professional Conduct, Rule 3.8          5

Sixth Amendment of the United States Constitution          4

U.S.C.A. Constitution, Amendment 5          4

18 Pa.C.S.A. §111          4

42 Pa.C.S.A. 9543(a)          5

42 Pa.C.S.A. 9543(a)(2)(ii)          2,4,5

119

On July 11, 1997, petitioner stole a checkbook belonging to William and Francis Reese. Immediately after stealing the checkbook, petitioner forged said checks, submitted some of them in Lackawanna County and on the same day, proceeded to Venango County where he submitted the other forged checks. Petitioner, being from Venango County knew where he could cash the checks. Petitioner submitted the forged checks over the course of three (3) days. This incident began on July 11, 1997 until July 13, 1997. After that, petitioner and his accomplice drove to Vermont. On July 20, 1997, petitioner and his accomplice, while driving back to Lackawanna County, were arrested and only petitioner was placed in the Lackawanna County Jail for unrelated charges. Petitioner DID NOT post bail. On August 7, 1997, petitioner was charged in Lackawanna County for stealing the checkbook and forging said checks belonging to William and Francis Reese. He was also charged with theft by deception, bad checks, unauthorized use of an automobile and related charges. The complaint was filed in Lackawanna County only. Petitioner immediately notified Venango County concerning the checks he submitted there. On September 30, 1997, petitioner was sentenced on the forgery's charge and unrelated offenses. The other charges were Nolle Proseqi. Petitioner was sentenced to 17 to 36 months in a State Correctional Institution. Petitioner was then transferred to the State Correctional Institution at Graterford, in Philadelphia, Pennsylvania. It was not until petitioner was transferred to Camp Hill, that he was arrested by the PA. State Police and transported to Venango County. Petitioner was again charged with the forgery's of the checks belonging to William and Francis Reese, as well as, theft by deception, bad checks, and receiving stolen property. Petitioner was appointed Public Defender, Blair Hindman to represent him. Petitioner was returned to Camp Hill and eventually moved to Houtzdale, to serve out his sentence. Months passed without hearing anything from counsel and all of a sudden, he was transported back to Venango County. Petitioner's counsel, for the first time, came to the county jail and spoke with petitioner. Mr. Hindman told petitioner that, it would be in his best interest to accept a plea bargain. He said for petitioner to plead guilty to one (1) count of forgery and one (1) count of theft by deception. Petitioner then told counsel that, he did not forge any checks in Venango County, only submitted them. Counsel told petitioner that, it did not matter where the checks were forged, the fact that they were submitted in Venango County, constituted a forgery. Counsel went on to say that, if petitioner did not accept a plea, he would be found guilty by a jury and sentenced to thirty (30) years incarceration because the prosecutor wanted to prosecute petitioner to the fullest extent of the law. Counsel told petitioner that he was trying to work something out for him and went on to say that, by pleading guilty, he would only receive a maximum sentence of five (5) years, running concurrent with the Lackawanna County sentence because it was the same crime spree. Because of the threat of a thirty (30) year sentence, petitioner agreed. After agreeing and pleading guilty, petitioner was returned to Houtzdale until sentencing. On October 20, 1998, petitioner appeared before Honorable Judge, Oliver Lobaugh, for sentencing. Petitioner was sentenced to one (1)yr. four (4)mos. to five (5)yrs. on the theft by deception charge and a consecutive sentence of one (1)yr. four (4)mos. to seven (7)yrs. on the forgery charge. The sentence began on October 20, 1998, the day of sentencing. After being sentenced, Judge Lobaygh asked petitioner if he wanted to have an appeal filed. In open court, petitioner stated, "yes". Judge Lobaugh then told petitioner's counsel that he had ten (10) days in which to file. Counsel never filed

1

120

anything, although he told petitioner that he would. After petitioner was returned to Houtzdale and an ample period of time had elapsed, he wrote letters to counsel concerning the plea. Counsel never responded. Petitioner was then afforded phone calls by the DOC, to the Venango County Public Defender's Office. Mr. Hindman's secretary informed petitioner that his counsel was checking into the matter and would let him know what, if anything, he found out. Petitioner never heard from counsel. Petitioner, with the help of the prison law library staff, put together motions for petitioner to send to Venango County. All petitioner's motions were turned over to his counsel and never filed. It was not until after the appeal time had expired, that petitioner's Motion to Proceed in Nunc Pro Tunc was filed in the Court. Less than a month later, that same petition was denied. Finally, on July 13, 2004, petitioner received his first set of docket transcripts. It was then he realized that, he was convicted on two (2) separate cases. On docket CP182-1998, he was charged with the forgery and on docket CP183-1998, he was charged with the theft by deception. Petitioner was lead to believe that he was pleading guilty to the theft by deception from the forgery charge. Petitioner also saw that, he was forced into pleading guilty to docket CP183-1998, a crime which allegedly happened while petitioner was incarcerated and could not of committed. Petitioner was incarcerated on July 20, 1997 and never released. The crimes on docket CP183-1998 has an offense date of August 6, 1997. Petitioner's crime happened on July 11, 1997 and lasted until July 13, 1997, and is verifiable by the dates listed of the submitted forged checks.

## BRIEF STATEMENT OF THE FACTS AND ARGUMENT FOR ALLOWANCE TO FILE AMENDMENT TO PCRA NUNC PRO TUNC

Petitioner submits that on or about January 1999, he forwarded another letter to attorney of record, Blair Hindman, and therein he kindly requested that he please file a PCRA based upon the imposition of a double jeopardy sentence pursuant to the Pennsylvania Constitution in Article 1, Section 10 ("[n]o person shall, for the same offense, be twice put into jeopardy of life or limb.") and 42 Pa.C.S. §9543(a)(2)(ii), ineffective assistance of counsel due to his advice to accept such a plea for the crime of forgery which was not committed in Venango County and in which petitioner was convicted in Lackawanna County for.

Petitioner submits that counsel advised him that, "it does not matter where the forgery's took place, the checks were still cashed in Venango County, and thus, constituted a forgery charge."

Petitioner submits that prosecution withheld evidence from the court which was favorable to him.

Petitioner submits that he could not of committed the crimes on docket CP183-1998 because he was incarcerated at the time of the alleged offense.

Petitioner submits that he tried to file motions on his own behalf but, said motions were sent to counsel or denied.

Petitioner submits that the threat of a thirty (30) year sentence caused him to accept a plea of guilty.

*121*

Petitioner submits that, counsel and prosecutor never allowed him to view any dockets/paperwork of the crimes against him.

Signed this 19th day of May, 2005.

*Edward J. McNatt*
Edward J. McNatt

*122*

## STANDARD APPLICABLE TO INEFFECTIVE ASSISTANCE OF COUNSEL

To succeed on an ineffective assistance of counsel claim, a petitioner must establish that: (1) the claim of ineffective assistance of counsel has arguable merit; (2) the particular course of action chosen by counsel did not have reasonable basis designed to effectuate defendant's interests; and (3) the action chosen by counsel caused actual prejudice. **Strickland v. Washington**, 466 U.S. 668 (1994); **Commonwealth v. Pierce**, 527 A.2d 973, 975-76 (Pa. 1987). Counsel cannot be found ineffective unless the defendant shows that, "in light of all of the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it." **Commonwealth v. Dunbar**, 470 A.2d 74, 77 (Pa. 1983)(quoting **Commonwealth v. Miller**, 431 A.2d 233 (Pa. 1981).

Finally, in order to establish prejudice, defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. Douglas**, 645 A.2d 226, 230 (Pa. 1994).

### ARGUMENT

In the instant case, petitioner submits that he diligently attempted to have his attorney of record, file an appeal in his case based on the imposition of a double jeopardy sentence and his ineffective assistance, wherein he advised petitioner to agree to charges that were not committed in Venango County and petitioner was already charged and convicted of in Lackawanna County, despite the fact that petitioner would not of been charged and sentenced for forgery. **Commonwealth v. Calloway**, 675 A.2d 743, 450 Pa.Super. 227, Super. 1996; **U.S.C.A. Constitution, Amendment 5**, double jeopardy. Petitioner was already charged and convicted for forging the checks in Lackawanna County. **Commonwealth v. McPhail**, 692 A.2d 139, 547 Pa. 519 (1997); **Commonwealth v. Anthony**, 553 Pa. 55, 717 A.2d 1015, 1018 (1998); **Commonwealth v. Hockenberry**, 549 Pa. 527, 701 A.2d 1334, 1337 (1997); **Commonwealth v. Bracalielly**, 540 Pa. 460, 658 A.2d 755, 760 (1995); and **18 Pa.C.S.A. §111.**

Counsel's failure to file a requested appeal falls beneath the range of competence demanded of attorney's in criminal cases, denies the accused the assistance of counsel guaranteed by the **Sixth Amendment** to the United States Constitution, and **Article 1, Section 9** of the Pennsylvania Constitution as well as the right to direct appeal under **Article V, Section 9**, and constitutes prejudice for purposes of **Section 9543(a)(2)(ii)**. Such neglect by counsel alone is sufficient to establish prejudice for the purposes of **42 Pa.C.S.A. §9543(a)(2)(ii)**. **Commonwealth v. Lantzy**, 736 A.2d at 571-572.

Under **Commonwealth v. Ellison**, 651 MDA 2004 (June 3), the Supreme Court held that under an ineffective assistance of counsel claim premised on a counsel's failure to file an appeal, circumvents the one (1) year statute for filing a PCRA; **Commonwealth v. Liebel**, 825 A.2d 630 (Pa. 2003).

Counsel's refusal to file or perfect and appeal, "essentially waived respondent's opportunity to make a case on the merits"). **Strickland** on its own terms, establishes the right to relief.

*123*

Counsel threatening petitioner with a thirty (30) year sentence if he did not plead guilty, withholding from petitioner that he was pleading guilty to two (2) separate cases, pleading guilty to a crime he could not have committed, and giving unlawful legal advice, was definately not in the best interest of petitioner. **Commonwealth v. Douglas**, 645 A.2d 226, 230 (1994); and **9543(a)(2)(ii).**

### STANDARD APPLICABLE TO PROSECUTORIAL MISCONDUCT ARGUMENT FOR WITHHOLDING EVIDENCE OR MANIPULATING MANNER OF CHARGING

In the instant case, the prosecutor never brought to the attention of the court or petitioner, that petitioner was pleading guilty to a crime which occurred <u>after</u> petitioner was already incarcerated in the Lackawanna County prison. Prosecutor was well aware of the date of petitioner's incarceration in Lackawanna and still continued to convict him of the crimes on docket CP183-1998.

Prosecutor was aware that petitioner was already charged and convicted of the forgery charges of all the checks, in Lackawanna County and still pursued a forgery charge in his County.

### ARGUMENT

Petitioner submits that prosecution cannot manipulate the manner of charging and by doing so, warrants dismissal if it prejudice' the defendant. **Rules of Professional Conduct, Rule 3,8, ; and 42 Pa.C.S.A.(a).**

Petitioner submits that, if prosecution did not if fact, manipulate the manner of charging, docket CP183-1998 is clearly someone else's alleged charges.

Prosecutor knew the exact date of the offenses. The exact date is listed on the checks which were submitted in Venango County. Prosecution withholding this information from the court is prejudicial to petitioner and warrants dismissal.

### BRIEF STATEMENT OF FACTS AND ARGUMENT OF ILLEGAL AND EXCESSIVE SENTENCE

Petitioner submits that he was sentenced on a charge of forgery which is clearly in violation of the double jeopardy clause of the United States and Pennsylvania Constitutions. Petitioner was already charged and convicted of forgery for all of the checks in the checkbook.

Petitioner submits that, his crime meets all the requirements of a "single criminal episode".

Petitioner receiving a total of twelve (12) years incarceration for a single criminal episode is an excessive sentence.

Petitioner submits that he is absolutely innocent of the crimes on docket CP183-1998. The one (1)yr. four (4)mos. to five (5)yr. sentence is clearly illegal.

### ARGUMENT

Petitioner's forced guilty plea to docket CP182-1998, is due to counsel and prosecutor using deceit in order to obtain a conviction and warrants reversal.

124

Petitioner submits that his forced guilty plea to docket CP183-1998, a charge he is absolutely innocent of, was obtained through deceit by the prosecutor's misconduct and counsel's ineffectiveness and warrants dismissal.

Petitioner submits that Venango County imposed a double jeopardy sentence on the forgery charge which denied the court the opportunity to bring those charges against petitioner

Petitioner submits that the illegality of a sentence in not a waivable issue. **Eighth Amendment of the Constitution**; Commonwealth v. Neidig, 340 Pa.Super. 217, 224, 489 A.2d 921, 924 (1985); and Commonwealth v. Walker, 468 Pa. 323, 362 A.2d 227 (1976).

### QUESTIONS PRESENTED FOR REVIEW

1. DOES THE CRIMES FROM LACKAWANNA COUNTY AND VENANGO COUNTY MEET THE REQUIREMENTS OF A "SINGLE CRIMINAL EPISODE?"
   YES.

2. WAS VENANGO COUNTY BARRED FROM PROSECUTION ON THE FORGERY CHARGE OF DOCKET CP182-1998?
   YES.

3. WAS THE FORGERY CHARGE IN VENANGO COUNTY A "DOUBLE JEOPARDY" VIOLATION?
   YES.

4. WAS PETITIONER DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL TOLD PETITIONER THAT, "IT DOES NOT MATTER WHERE THE CHECKS WERE FORGED, THE FACT THAT THEY WERE SUBMITTED IN VENANGO COUNTY, CONSTITUTES A FORGERY CHARGE?
   YES.

5. WAS PETITIONER DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL GAVE PETITIONER ADVICE WHICH IS AGAINST THE LAWS OF PENNSYLVANIA AND THE PENNSYLVANIA AND UNITED STATES CONSTITUTIONS?
   YES.

6. WAS PETITIONER DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL TOLD PETITIONER THAT, IF HE DID NOT ACCEPT THE PLEA AGREEMENT, HE WOULD BE FOUND GUILTY BY A JURY AND SENTENCED TO (30) YEARS INCARCERATION?
   YES.

7. WAS COUNSEL INEFFECTIVE FOR TELLING PETITIONER THAT, HE WOULD ONLY RECEIVE A CONCURRENT FIVE (5) YEAR SENTENCE, WITH LACKAWANNA COUNTY BY PLEADING GUILTY, INSTEAD OF A THIRTY (30) YEAR SENTENCE BY GOING TO TRIAL?
   YES.

8. WAS PETITIONER DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL WITHHELD INFORMATION FAVORABLE TO PETITIONER?
   YES.

9. DID COUNSEL'S FAILURE TO FILE ANY POST-SENTENCE APPEALS AS REQUESTED, LEAD TO PETITIONER BEING DENIED HIS ABSOLUTE RIGHT TO APPEAL?
   YES.

/25

10. WAS COUNSEL INEFFECTIVE FOR FAILING TO SHOW PETITIONER ANY DOCKET(S) OF THE ALLEGED CRIME(S) AGAINST HIM?
YES.

11. WAS COUNSEL'S STRATEGY DESIGNED TO REPRESENT PETITIONER'S BEST INTERESTS?
NO.

12. DID COUNSEL'S PERFORMANCE PREJUDICE THE PETITIONER, RESULTING IN AN UNRELIABLE OR FUNDAMENTALLY UNFAIR OUTCOME OF THE PROCEEDINGS?
YES.

13. DID COUNSEL'S PERFORMANCE FALL FAR BELOW AN OBJECTIVE STANDARD OF REASONABLENESS?
YES.

14. COULD PETITIONER HAVE COMMITTED THE CRIMES ON DOCKET CP183-1998 WHEN THE OFFENSE DATE IS AUGUST 6, 1997 AND PETITIONER WAS INCARCERATED SINCE JULY 20, 1997?
NO.

15. ARE THE OFFENSE DATES OF THE CRIMES COMMITTED BY PETITIONER, CLEARLY KNOWN AND WERE THEY KNOWN PRIOR TO ANY PLEA AGREEMENT OR SENTENCING?
YES.

16. WAS PROSECUTION PREJUDICIAL TO PETITIONER WHEN PROSECUTION PRESENTED TO THE COURT, A DOCKET UNKNOWN TO PETITIONER, OF CRIMES ALLEGEDLY COMMITTED BY HIM, KNOWING THAT PETITIONER WAS INCARCERATED AT THE TIME OF THE ALLEGED OFFENSES?
YES.

17. IF THE PROSECUTOR DID NOT MANIPULATE THE MANNER OF CHARGING, WHICH WARRANTS DISMISSAL, IS THE CRIMES ON DOCKET CP183-1998, SOMEONE ELSE'S ALLEGED CRIMES?
YES.

18. IF PROSECUTOR MANIPULATED THE MANNER OF CHARGING WHICH WAS PREJUDICIAL TO PETITIONER, DOES THE SENTENCE ON DOCKET CP183-1998 WARRANT DISMISSAL?
YES.

19. DID PETITIONER SUBMIT ANY FORGED CHECK(S) OR COMMIT ANY CRIME IN VENANGO COUNTY AFTER THE OFFENSE DATE OF DOCKET CP182-1998 (JULY 14, 1997)?
NO.

20. WAS PROSECUTION PREJUDICIAL TO PETITIONER WHEN PROSECUTOR WITHHELD INFORMATION FAVORABLE TO PETITIONER?
YES.

21. WOULD PETITIONER HAVE PLEAD GUILTY IF HE KNEW THAT IT DID MATTER WHERE THE CHECKS WERE FORGED AND IF HE HAD KNOWN THAT DOCKET CP183-1998 WERE CRIMES THAT WERE ALLEGEDLY COMMITTED WHILE PETITIONER WAS INCARCERATED?
NO.

22. WAS PETITIONER FORCED INTO PLEADING GUILTY UNDER THREAT, DURESS, OR COERCION?
YES.

23. WAS PETITIONER DENIED "DUE PROCESS" AS GUARANTEED TO HIM BY THE UNITED STATES AND PENNSYLVANIA CONSTITUTIONS?
YES.

*126*

24. DOES THE LAWS AND THE COMPLAINT OF PETITIONER SUPPORT THE EXCEPTIONS TO THE ONE (1) YEARS STATUTE OF LIMITATION FOR FILING A PCRA?
YES.

### RELIEF REQUESTED

Petitioner respectfully requests this Honorable Court to **GRANT** petitioner's PCRA and:
- (a) dismiss the forgery charge against him and resentence him on the theft by deception crime of that docket, to time served;
- (b) dismiss all charges against him on docket CP183-1998;
- (c) return petitioner's Act 84 payments on docket CP183-1998; and
- (d) order petitioner's immediate release from incarceration.

Respectfully Submitted,

Signed this 19th day of May, 2005.                     *Edward J. McCabe*

8

/27

IN THE COURT OF COMMON PLEAS, VENANGO COUNTY
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA       : **Criminal Division**
                                   :
              V.                   :
                                   :
EDWARD JOSEPH MCNATT,              : CP182-1998 & CP183-1998
              Petitioner.          :

### AFFIDAVIT OF EDWARD J. MCNATT-PETITIONER

**AND NOW,** comes Petitioner, Edward J. McNatt, hereby affirming under and declaring under penalty of perjury that the set forth Affidavit is true and correct and in support submits the following:

1. On October 20, 1998, petitioner was sentenced to the crime codes set forth at the above criminal docket numbers.

2. Petitioner was sentenced to a total term of 2yrs. 8mos. to 12yrs. for one (1) count of forgery and one (1) count of theft by deception.

3. Due to petitioner's financial status, the Court appointed counsel of record and he had this position throughout the plea agreement and sentencing.

4. prior to and during the proceedings, counsel refused to assist petitioner in effectuating a defense in his case, refused to visit or contact petitioner to discuss what defense strategies, if any, he would take in preparing for pre-trial motions and for trial, inter alia, and refused to investigate the fact that petitioner was already sentenced on all the forgery's of the checks in Lackawanna County and was already incarcerated when the alleged crimes on docket CP183-1998 occurred.

5. After multiple attempts at resolving these issues with counsel, petitioner's attempts were fruitless and therefore I appealed to the Court via, letters and thereafter, pro se motions, explaining in detail counselor's acts and or omissions with regard to my case.

6. All motions filed pro se were sent to counsel of record and never filed.

7. Prior to plea negotiations, petitioner informed counsel that none of the checks were forged in Venango County but counsel informed petitioner that, "it does not matter where they were forged, the fact that they were submitted in Venango County, constitutes a forgery charge."

8. Instead of notifying petitioner of what trial strategies, if any, he had prepared, he confronted petitioner with a plea bargain containing a forgery charge which had never occurred in Venango County and a theft by deception charge on a separate case, which, unknown to petitioner, occurred when petitioner was already incarcerated in another County. Petitioner was told by counsel that, if he did not accept the plea bargain, he would be found guilty by a jury and sentenced to thirty (30) years incarceration. Counsel refused to prepare for trial.

*128*

9. Counsel informed petitioner that, by accepting the plea bargain, he would only receive a maximum sentence of five (5) years on both charges and they would be run concurrent with one another and concurrent with the Lackawanna County sentence because it was the same crime spree.

10. In essence, counsel caused petitioner to enter a guilty plea involuntarily, under unlawful legal advice, subjecting petitioner to be sentenced to a period of incarceration for a double jeopardy charge and to a period of incarceration for a charge in which petitioner is absolutely innocent of.

11. Counsel, after petitioner stated in Open Court, that he wanted an appeal filed, refused to do so which denied petitioner his absolute right to appeal.

12. Petitioner submits that his attempts to adequately portray counsel as ineffective and that a clear conflict of genuine interest are well documented in the Court Records and the acts or omissions by counsel served no legitimate interest to petitioner and certainly, in light of all the alternatives which were available to counsel, no competent attorney would have advised petitioner to accept a sentence which was clearly illegal. Petitioner certainly did not benefit from such "advice".

Petitioner submits under penalty of perjury that the fact set forth in this Affidavit and petitioner's PCRA, is true and correct to the best of his knowledge, information and belief. Petitioner understands that, unsworn falsification to authority is a misdemeanor of the first degree (relating to 4904, unsworn falsification to authority).

Respectfully Submitted,

*Edward J. McNatt*
Edward J. McNatt

Signed this 19th day of May, 2005.

*129*